THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 SEP -7 AM 10: 57

CLERK-ALBUQUERQUE

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
DENIS DOYON, LUCY GILSTER (by her next
best friend, JENNIE LUSK), BRIAN HANEY,
ALICIA KISNER (by her next best friend, LISA KISNER),
LISA KISNER, MICHAEL KISNER, LANE LECKMAN,
MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON,
CURTIS TRAFTON, and NICK WECHSELBERGER,

      Plaintiffs,

vs.

CIV CV - 0 4 - 1 0 0 0    LFG DJS

CITY OF ALBUQUERQUE; MAYOR MARTIN
CHAVEZ, in his official and individual capacity;
DEPARTMENT OF PUBLIC SAFETY CHIEF NICK
BAKAS, in his official and individual capacity;
CHIEF OF POLICE GILBERT GALLEGOS, in his
official and individual capacity; DEPUTY CHIEF OF
POLICE RAY SCHULTZ, in his official and individual
capacity; CAPTAIN JOHN GONZALES, in his
official and individual capacity; ALBUQUERQUE
POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, ND
GONZALES, ALLEN S. HANCOCK, SGT. S. HILL,
C. LOPEZ, DANIEL S. MAGETTERI, JAMES
MONTOYA, SGT. SHAWN O'CONNELL, PABLO A.
PADILLO, JAMES PERDUE, JOHN DOE and
JANE DOE, in their individual capacities;

      Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(b) and 1446(a), Defendants City of Albuquerque, Mayor

Martin Chavez, Department of Public Safety Chief Nick Bakas, Chief of Police Gilbert Gallegos

and Deputy Chief of Police Ray Schultz (herein after "City Defendants") give Notice of Removal to

this Court of the civil action filed on March 14, 2004, in the Second Judicial District for the State of New Mexico, County of Bernalillo, Cause No. CV 2004-01822, by Plaintiffs, and as grounds therefor state:

1.      On March 14, 2004, Plaintiffs filed a Complaint for Damages in the Second Judicial District Court (the "Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

2.      Counsel for City Defendants accepted service of the Complaint and Summons on August 6, 2004.

3.      This Notice of Removal is timely filed within thirty days after receipt by City Defendants.

4.      Pursuant to 28 U.S.C. § 1446(d), copies of the Notice of Removal will be promptly given to all adverse parties and a copy of the Notice of Removal will be filed with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico.

5.      The claims stated against City Defendants in this case are subject to the jurisdiction of this Court pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) as follows:

a.      This Court has original jurisdiction because the Complaint is founded on a claim or right arising under the Constitution, treaties, or laws of the United States.

b.      An actual controversy exists because the Complaint alleges that the City Defendants deprived Plaintiffs of their constitutional rights under 42 U.S.C. § 1983.

6.      This Court has federal question jurisdiction. The Plaintiffs' right to bring an action for the violation of plaintiffs' constitutional rights was created by federal law, specifically 42 U.S.C. § 1983. A federal question appears on the face of the Complaint. There is an actual controversy.

A copy of all process and pleadings that have been served upon the City Defendants is attached to this Notice of Removal.

2

Respectfully Submitted,

CITY OF ALBUQUERQUE
Robert M. White
City Attorney

Kathryn Levy
Deputy City Attorney
Attorney for Defendants City of Albuquerque, Mayor
Martin Chavez, Department of Public Safety Chief
Nick Bakas, Chief of Police Gilbert Gallegos and
Deputy Chief of Police Ray Schultz
P. O. Box 2248
Albuquerque, New Mexico 87103
(505) 768-4500

I hereby certify that a true copy
of the foregoing was mailed
to the following counsel of record:

Peter Schoenburg
Carolyn M. ("Cammie") Nichols
Marc Mitchell Lowry
Rothstein, Donatelli, Hughes,
Dahlstsrom & Schoenburg, LLP
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443 (phone)
(505) 242-7845 (fax)

Mary Louise Boelcke
318 Solano SE
Albuquerque, NM 87108
(505) 304-5306 (phone & fax)

Lawrence B. Kronen
122 Tulane SE
Albuquerque, NM 87106
(505) 256-7690 (phone)
(505) 256-7641 (fax)

3

David Stotts
200 Lomas Blvd NW, Suite 875
Albuquerque, NM  87102
(505) 242-0552 (phone)
(505) 242-1269 (fax)

Cindy Marrs
Cindy Marrs Attorney at Law
1506 Vista Larga Court NE
Albuquerque, NM  87106
(505) 262-1867 (phone & fax)

**Attorneys for Plaintiffs**

Philip B. Davis
Philip B. Davis Attorney at Law
814 Marquette NW
Albuquerque, NM  87102
(505) 242-1904 (phone)
(505) 242-1864 (fax)

**Of Counsel**


on this  3rd  day of September, 2004.

Kathryn Levy
Deputy City Attorney

4

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
CAMILLE CHAVEZ, DENIS DOYON,
LORI EATON, LUCY GILSTER (by her next
best friend, JENNIE LUSK), BRIAN HANEY,
ALICIA KISNER (by her next best friend, LISA KISNER),
LISA KISNER, MICHAEL KISNER, LANE LECKMAN,
MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON,
CURTIS TRAFTON, and NICK WECHSELBERGER,

       Plaintiffs,

vs.                              No. CV 2004 CV 01822

CITY OF ALBUQUERQUE; MAYOR MARTIN
CHAVEZ, in his official and individual capacity;
DEPARTMENT OF PUBLIC SAFETY CHIEF NICK
BAKAS, in his official and individual capacity;
CHIEF OF POLICE GILBERT GALLEGOS, in his
official and individual capacity; DEPUTY CHIEF OF
POLICE RAY SCHULTZ, in his official and individual
capacity; CAPTAIN JOHN GONZALES, in his
official and individual capacity; ALBUQUERQUE
POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, ND
GONZALES, ALLEN S. HANCOCK, SGT. S. HILL,
C. LOPEZ, DANIEL S. MAGETTERI, JAMES
MONTOYA, SGT. SHAWN O'CONNELL, PABLO A.
PADILLO, JAMES PERDUE, JOHN DOE and
JANE DOE, in their individual capacities;

       Defendants.

## SUMMONS

## THE STATE OF NEW MEXICO

TO:   MAYOR MARTIN CHAVEZ, in his official and individual capacity
ADDRESS: _____

-1-

**GREETINGS:**

You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the plaintiffs will apply to the court for the relief demanded in the complaint.

Attorneys for Plaintiffs:

| | |
|---|---|
| **Peter Schoenburg** | **Mary Louise Boelcke** |
| **Carolyn M. ("Cammie") Nichols** | 318 Solano Drive, S.E. |
| **Marc Mitchell Lowry** | Albuquerque, NM 87108 |
| Rothstein, Donatelli, Hughes, | (505) 265-3445 (phone) |
| Dahlstrom & Schoenburg, LLP | (505) 266-6565 (fax) |
| 500 4th Street, N.W., Suite 400 | |
| Albuquerque, NM 87102 | **Lawrence B. Kronen** |
| (505) 243-1443 (phone) | 122 Tulane, N.E. |
| (505) 242-7845 (fax) | Albuquerque, NM 87106 |
| | (505) 256-7690 (phone) |
| | (505) 256-7641 (fax) |
| | |
| **David Stotts** | **Cindy Marrs** |
| 6707 Academy, N.E., Suite A | 1506 Vista Larga Court, N.E. |
| Albuquerque, NM 87109 | Albuquerque, NM 87106 |
| (505) 857-0001 (phone) | (505) 262-1867 (phone & fax) |
| (505) 857-0008 (fax) | |

Of Counsel:

**Philip B. Davis**
Philip B. Davis, Attorney at Law
814 Marquette, N.W.
Albuquerque, NM 87102
(505) 242-1904 (phone)
(505) 242-1864 (fax)

WITNESS the Honorable Robert L. Thompson, District Judge of the Second Judicial District Court of the State of New Mexico, and the seal of the District Court of Bernalillo County, this JUN 1 1 2004 day of June, 2004.

JUANITA M. DURAN
CLERK OF THE DISTRICT COURT
Clerk
By:
Deputy

-2-

**RETURN**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _____day of _____, 2004, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**( check one box and fill in appropriate blanks)**
[ ] [to Defendant _____ (used when Defendant receives copy of Summons or refuses to receive Summons)
[ ] [to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service was absent therefrom.]
[ ] [by posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode)
[ ] [to _____, an agent authorized to receive service of process for Defendant
_____
[ ] [to _____, (parent) (guardian) of Defendant _____ _____ ( used when Defendant is a minor or an incompetent person)
[ ] [to _____ (name of person), _____, (title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

Fees:_____

_____
Signature of Person Making Service
_____
Title (if any)


Subscribed and sworn to
before me this _____
day of _____, 2004.


_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

_____
Official Title

*If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized. [Adopted effective August 1, 1988.]

-3-

COPY

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
CAMILLE CHAVEZ, DENIS DOYON,
LORI EATON, LUCY GILSTER (by her next
best friend, JENNIE LUSK), BRIAN HANEY,
ALICIA KISNER (by her next best friend, LISA KISNER),
LISA KISNER, MICHAEL KISNER, LANE LECKMAN,
MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON,
CURTIS TRAFTON, and NICK WECHSELBERGER,

       Plaintiffs,

vs.                                   **No. CV 2004 CV 01822**

CITY OF ALBUQUERQUE; MAYOR MARTIN
CHAVEZ, in his official and individual capacity;
DEPARTMENT OF PUBLIC SAFETY CHIEF NICK
BAKAS, in his official and individual capacity;
CHIEF OF POLICE GILBERT GALLEGOS, in his
official and individual capacity; DEPUTY CHIEF OF
POLICE RAY SCHULTZ, in his official and individual
capacity; CAPTAIN JOHN GONZALES, in his
official and individual capacity; ALBUQUERQUE
POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, ND
GONZALES, ALLEN S. HANCOCK, SGT. S. HILL,
C. LOPEZ, DANIEL S. MAGETTERI, JAMES
MONTOYA, SGT. SHAWN O'CONNELL, PABLO A.
PADILLO, JAMES PERDUE, JOHN DOE and
JANE DOE, in their individual capacities;

       Defendants.

## SUMMONS

## THE STATE OF NEW MEXICO

TO:   MAYOR MARTIN CHAVEZ, in his official and individual capacity
ADDRESS: _____

-1-

**GREETINGS:**

You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the plaintiffs will apply to the court for the relief demanded in the complaint.

Attorneys for Plaintiffs:

**Peter Schoenburg**
**Carolyn M. ("Cammie") Nichols**
**Marc Mitchell Lowry**
Rothstein, Donatelli, Hughes,
Dahlstrom & Schoenburg, LLP
500 4th Street, N.W., Suite 400
Albuquerque, NM 87102
(505) 243-1443 (phone)
(505) 242-7845 (fax)

**Mary Louise Boelcke**
318 Solano Drive, S.E.
Albuquerque, NM 87108
(505) 265-3445 (phone)
(505) 266-6565 (fax)

**Lawrence B. Kronen**
122 Tulane, N.E.
Albuquerque, NM 87106
(505) 256-7690 (phone)
(505) 256-7641 (fax)

**David Stotts**
6707 Academy, N.E., Suite A
Albuquerque, NM 87109
(505) 857-0001 (phone)
(505) 857-0008 (fax)

**Cindy Marrs**
1506 Vista Larga Court, N.E.
Albuquerque, NM 87106
(505) 262-1867 (phone & fax)

Of Counsel:

**Philip B. Davis**
Philip B. Davis, Attorney at Law
814 Marquette, N.W.
Albuquerque, NM 87102
(505) 242-1904 (phone)
(505) 242-1864 (fax)

WITNESS the Honorable Robert L. Thompson, District Judge of the Second Judicial District Court of the State of New Mexico, and the seal of the District Court of Bernalillo County, this _____ day of June, 2004.

JUN 1 1 2004

JUANITA M. DURAN
CLERK OF THE DISTRICT COURT
Clerk
By: _____
Deputy

-2-

**RETURN**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in said County on the _____day of _____, 2004, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

**( check one box and fill in appropriate blanks)**

[ ] [to Defendant _____ (used when Defendant receives copy of Summons or refuses to receive Summons)

[ ] [to _____, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _____, who at the time of such service was absent therefrom.]

[ ] [by posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode)

[ ] [to _____, an agent authorized to receive service of process for Defendant
_____

[ ] [to _____, (parent) (guardian) of Defendant _____ _____ ( used when Defendant is a minor or an incompetent person)

[ ] [to _____ (name of person), _____, (title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

Fees:_____

_____
Signature of Person Making Service

_____
Title (if any)

Subscribed and sworn to
before me this _____
day of _____, 2004.

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

_____
Official Title

*If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized. [Adopted effective August 1, 1988.]

-3-

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
CAMILLE CHAVEZ, DENIS DOYON,
LORI EATON, LUCY GILSTER (by her next
best friend, JENNIE LUSK), BRIAN HANEY,
ALICIA KISNER (by her next best friend, LISA KISNER),
LISA KISNER, MICHAEL KISNER, LANE LECKMAN,
MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON,
CURTIS TRAFTON, and NICK WECHSELBERGER,

        Plaintiffs,

vs.

                                       No. CV 2004 - 01822

CITY OF ALBUQUERQUE; MAYOR MARTIN
CHAVEZ, in his official and individual capacity;
DEPARTMENT OF PUBLIC SAFETY CHIEF NICK
BAKAS, in his official and individual capacity;
CHIEF OF POLICE GILBERT GALLEGOS, in his
official and individual capacity; DEPUTY CHIEF OF
POLICE RAY SCHULTZ, in his official and individual
capacity; CAPTAIN JOHN GONZALES, in his
official and individual capacity; ALBUQUERQUE
POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, ND
GONZALES, ALLEN S. HANCOCK, SGT. S. HILL,
C. LOPEZ, DANIEL S. MAGETTERI, JAMES
MONTOYA, SGT. SHAWN O'CONNELL, PABLO A.
PADILLO, JAMES PERDUE, JOHN DOE and
JANE DOE, in their individual capacities;

        Defendants.

---

## FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND FOR DAMAGES CAUSED BY DEPRIVATION OF CIVIL RIGHTS AND TORTIOUS CONDUCT

ENDORSED
FILED IN MY OFFICE THIS

JUN 11 2004

*Juanita M. Duran*
CLERK DISTRICT COURT

GERALDINE LOPEZ

COPY

Plaintiffs bring this Complaint for injunctive relief, declaratory relief and for damages caused by the violation of their civil and constitutional rights and by tortious conduct on the part of the defendants. Plaintiffs file this complaint under the federal Civil Rights Act, the state Tort Claims Act, and the Constitution of the United States. In support of this Complaint, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction and venue are proper in the state of New Mexico and the county of Bernalillo. All of the parties reside or do business in New Mexico and the acts complained of occurred exclusively within the county of Bernalillo.

## PARTIES

2.  Plaintiff Lynn Buck is an individual residing in Bernalillo County, New Mexico.

3.  Plaintiff Alma Rosa Silva-Banuelos is an individual residing in Bernalillo County, New Mexico.

4.  Plaintiff Camille Chavez is an individual residing in Bernalillo County, New Mexico.

5.  Plaintiff Denis Doyon is an individual residing in Bernalillo County, New Mexico.

6.  Plaintiff Lori Eaton is an individual residing in Bernalillo County, New Mexico.

7.  Plaintiff Lucy Gilster, a minor, is represented in this litigation by her mother and next best friend, Jennie Lusk, an individual. Both reside in Bernalillo County, New Mexico.

8.  Plaintiff Brian Haney is an individual residing in Bernalillo County, New Mexico.

9.  Plaintiff Alicia Kisner, a minor, is represented in this litigation by her mother and next best friend, Lisa Kisner, an individual. Both reside in Bernalillo County, New Mexico.

10.  Plaintiff Lisa Kisner is an individual residing in Bernalillo County, New Mexico.

2

11.     Plaintiff Michael Kisner is an individual residing in Bernalillo County, New Mexico.

12.     Plaintiff Lane Leckman is an individual residing in Bernalillo County, New Mexico.

13.     Plaintiff Maria Santelli is an individual residing in Bernalillo County, New Mexico.

14.     Plaintiff Susan Schuurman is an individual residing in Bernalillo County, New Mexico.

15.     Plaintiff Christina Maya Trafton is an individual residing in Bernalillo County, New Mexico.

16.     Plaintiff Curtis Trafton is an individual residing in Bernalillo County, New Mexico.

17.     Plaintiff Nick Wechselberger is an individual residing in Bernalillo County, New Mexico.

18.     Defendant City of Albuquerque (hereinafter *City*) is a municipality and governmental entity within the State of New Mexico.

19.     Defendant Mayor Martin Chavez (hereinafter *Chavez*) is, and has been at all material times, the Mayor of the City of Albuquerque, and is the chief executive officer with all executive and administrative powers of the City.   He is authorized to delegate executive and administrative power within the executive branch. Albuquerque City Charter, Article V, Section 3.   As such, he is the chief policy-maker for the City of Albuquerque and was directly involved in decisions concerning the police actions taken in relation to the political protests that are the focus of this litigation.

20.     Defendant Mayor Martin Chavez acted, at all material times, under the color of state law and within the scope of his duties.

21.     Defendant Department of Public Safety Chief Nick Bakas (hereinafter *Bakas*) is, and has been at all material times, the head of the Department of Public Safety. He is a policy-maker for the City of Albuquerque and was directly involved in decisions concerning the police actions taken in relation to the political protests that are the focus of this litigation.

3

22.    Defendant Department of Public Safety Chief Nick Bakas acted, at all material times, under the color of state law and within the scope of his duties.

23.    Defendant Chief of Police Gilbert Gallegos (hereinafter *Gallegos*) is, and has been at all material times, the Chief of Police of the Albuquerque Police Department. He is a policy-maker for the Albuquerque Police Department and was directly involved in decisions concerning the police actions taken in relation to the political protests that are the focus of this litigation.

24.    Defendant Chief of Police Gilbert Gallegos acted, at all material times, under the color of state law and within the scope of his duties.

25.    Defendant Deputy Chief of Police Ray Schultz (hereinafter *Schultz*) was, at all material times, the Deputy Chief of Police of the Albuquerque Police Department. He was, at all material times, a policy-maker for the Albuquerque Police Department and was directly involved in decisions concerning the police actions taken in relation to the political protests that are the focus of this litigation.

26.    Defendant Deputy Chief of Police Ray Schultz acted, at all material times, under the color of state law and within the scope of his duties.

27.    Defendant Captain John Gonzales (hereinafter *Gonzales*) was, at all material times, the supervisor of the majority of the individual police officers involved in this litigation, and was, at all material times, the supervisor with the most authority over the actions taken by all the individual officers at the political protests which are the focus of this litigation.

4

28.  Defendant Captain John Gonzales acted, at all material times, under the color of state law and within the scope of his duties.  Defendant Gonzales was at the scene supervising all of the actions of the Defendant police officers at all times.

29.  Albuquerque Police Officer Raymond DeFrates is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

30.  Albuquerque Police Officer Michael Fisher is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

31.  Albuquerque Police Officer James Leroy Fox is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

32.  Albuquerque Police Officer ND Gonzales is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

33.  Albuquerque Police Officer Allen S. Hancock is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

34.  Albuquerque Police Sergeant S. Hill is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

5

35.    Albuquerque Police Officer C. Lopez is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

36.    Albuquerque Police Officer Daniel S. Magetteri is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

37.    Albuquerque Police Officer James Montoya is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

38.    Albuquerque Police Sergeant Shawn O'Connell is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

39.    Albuquerque Police Officer Pablo A. Padilla is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

40.    Albuquerque Police Officer James Perdue is, or was at all material times, a police officer for the City of Albuquerque, and he acted, at all material times, under the color of state law and within the scope of his duties.

41.    Defendants John and Jane Does are, or were at all materials times, police officers for the City of Albuquerque, and they acted, at all material times, under the color of state law and within the scope of their duties.

42.   All individual Albuquerque Police Officer Defendants shall hereinafter be identified as the "individual Defendant police officers."

## FACTUAL BACKGROUND RELEVANT TO ALL PLAINTIFFS, ALL DEFENDANTS, AND ALL CLAIMS

43.   Plaintiffs are all members of a group of people who gathered on the campus of the University of New Mexico, in front of the university's bookstore, in Albuquerque, just off Central Avenue, on the evening of March 20, 2003.

44.   The purpose of their gathering was to protest the policies and actions of President George W. Bush, who ordered an invasion of Iraq on March 19, 2003.

45.   The Plaintiffs were peacefully demonstrating and acting in complete accord with the law.

46.   No members of the group gathered in front of the bookstore that evening to protest the war, including Plaintiffs, were violating any state law or municipal ordinance.

47.   Various protestors, including Plaintiffs, were chanting, drumming, and displaying signs in order to demonstrate their disapproval of the war.

48.   The protestors, including Plaintiffs, were lawfully gathered primarily on the property of the University of New Mexico.

49.   Some of the protestors were lawfully walking back and forth across Central Avenue, in the crosswalk at Cornell and Central, in compliance with the traffic and pedestrian signals.

50.   The protestors, including Plaintiffs, needed other members of the public to see their signs and hear their voices in order to have an impact on public opinion.

51.   By gathering at that public place, just off Central, and by crossing Central with signs, that goal was being met.

7

52.   At that point in the protest, none of the protestors were blocking traffic or engaged in any act of civil disobedience or violation of the law.

53.   There was no riot, only a peaceful gathering of anti-war protestors, which included Plaintiffs.

54.   Almost immediately after the people, including Plaintiffs, began to gather and demonstrate, the individual Defendant Albuquerque Police Department officers began to arrive on the scene.

55.   The Defendant police officers had already been 'staging' on Silver Avenue and various other streets nearby, in anticipation of anti-war protest demonstrations.

56.   Defendant John Gonzales was present and was the supervisor of the Defendant police officers at the scene.

57.   Many of the Defendant police officers were dressed in full riot gear, including helmets and face covering, armed with guns, batons and asps, pepper spray, and tear gas, as well as other weapons and equipment such as gas masks.

58.   None of the Defendant police officers had any personal identification numbers or names visible on his or her uniform.

59.   The Defendant police officers who were not dressed in full riot gear had tape partially covering their badges, so that their individual badge numbers were not visible.

60.   The City's SWAT team and emergency response team, wearing gas masks, were part of the law enforcement gathering, as were mounted officers, riding large draft horses.

61.   Acting without any legitimate law enforcement purpose, the individual Defendant police officers, acting in accord with, under the direction of and with approval of their supervisors and City policy-makers, including the Defendant City, Defendant Chavez, Defendant Bakas,

8

Defendant Gallegos, Defendant Schultz, and Defendant Gonzales, closed off Central Avenue at the intersections of Girard and Central and University and Central to traffic. They also closed off Stanford.

62. That act essentially vitiated the protest's purpose of public dissemination of anti-war, pro-peace sentiment.

63. Simultaneously with the blocking of the streets, the individual Defendant police officers formed 'skirmish lines' around the group of demonstrators, including Plaintiffs.

64. Noticing the streets had been closed to traffic by the individual Defendant police officers, individual peaceful protestors, including Plaintiffs, moved into the streets.

65. The Defendant police officers, in their reports, noted that the protestors, including Plaintiffs, initially entered the street with the police officers' permission.

66. The Defendant police officers, as directed by Defendant Gonzales, surrounded the body of individual protestors, including Plaintiffs.

67. Defendant police officers then directed and moved with the entire group of people, including Plaintiffs, west on Central, towards University Boulevard.

68. Defendant police officers began preventing people, including Plaintiffs, from leaving the group of protestors.

69. Defendant Gonzales stated that, as he supervised the situation, monitoring the actions of the Defendant police officers and the situation as a whole, he saw that there were infants and small children amongst the group of protestors.

70.     Several of the Defendant police officers, including numerous heavily-armed Defendant police officers in full riot gear along with several police canines, had formed a blockade at the intersection of Central and University.

71.     As the group of protestors, including Plaintiffs, approached the intersection of Central and University, Defendant Gonzales and the Defendant police officers ordered and directed them to proceed north on University.

72.     The protestors, including Plaintiffs, obeyed the orders of the Defendants and other police officers.

73.     Defendant Gonzales and the Defendant police officers eventually ordered, directed, and literally herded the group of protestors, including Plaintiffs, west, towards Downtown Albuquerque.

74.     The protestors, including Plaintiffs, obeyed the orders of the Defendants and other police officers.

75.     Defendant police officers formed another manned blockade at the intersection of Central and Cedar, extending all the way through Copper, directly in the path of the group of protestors, including Plaintiffs.

76.     Once the group of protestors, including Plaintiffs, reached Cedar, Defendant Gonzales and the Defendant police officers ordered and re-directed them all to go south, proceeding back to Central Avenue.

77.     The protestors, including Plaintiffs, obeyed the orders of the Defendants and other police officers.

10

78.   At that point, the Defendant police officers moved the entire group of protestors, including Plaintiffs, east on Central Avenue towards the original location of the protest. The protestors, including Plaintiffs, continued to obey the orders of the Defendants and other police officers.

79.   As the group of protestors, including Plaintiffs, moved east on Central, they were threatened by a number of individuals who had gathered to support the declaration of war against Iraq, and these pro-war demonstrators verbally assaulted members of the group of protestors in the presence of police.

80.   These pro-war protestors were not restrained from engaging in this combative and threatening conduct, and none of them were arrested or charged with any crime.

81.   Defendant police officers began to use force at the intersection of University and Central.

82.   Defendant police officers shot one protester with a bean-bag round.

83.   The Defendant police officers began striking the last people to cross the intersection with their expandable batons and using their horses to force people to move more quickly.

84.   Without provocation or sufficient warning, Captain Gonzalez sprayed protesters with pepper spray and mace.

85.   Defendant police officers fired tear gas at the protesters at the intersection of University and Central.

86.   Defendant police officers continued to use their batons to strike and push protesters who were moving east on Central.

87.   The Defendant police officers ordered the group of protestors back onto the property of the University of New Mexico campus, to a site known as the Free Speech Mall beside the bookstore, the original location of the protest.

88.    As a group, the demonstrators, including Plaintiffs, were compliant with the orders of the Defendant police officers.

89.    Some members of the group of protestors, including some Plaintiffs, were still in the streets and others were in front of the bookstore. They were partially surrounded by the Defendant police officers and many of them felt they were not free to leave.

90.    Only a few members of the group of protestors were still in the street, as most of them had moved to the sidewalks or onto the campus.

91.    Some of the Defendant police officers ordered people off the sidewalks, while other Defendant police officers ordered people back on the sidewalks.

92.    The Defendant police officers blocked the path of some of those amongst the group of protestors who attempted to leave the area.

93.    Several pro-war demonstrators had by then gathered in front of the Frontier Restaurant.

94.    Many of the pro-war demonstrators verbally threatened members of the group of anti-war protestors, including Plaintiffs, and some tried to instigate confrontation with the group of anti-war protestors.

95.    The behavior of the pro-war protestors was not stopped for some time by the Defendant police officers.

96.    Eventually, the pro-war protestors escalated their threats, and the mounted Defendant police officers had to surround them and move them around the corner away from the peace demonstrators.

97.    None of the pro-war protestors were arrested or charged with any crime.

12

98.   Meanwhile, Defendant police officers and Defendant Gonzales began to escalate the use of force directed at the group of peace demonstrators, including Plaintiffs, near the intersection of Harvard and Central, as the group moved back towards the University campus.

99.   Defendant Gonzales and Defendant police officers escalated the use of force despite the fact that the group of protestors, including Plaintiffs, was compliant with police orders as a whole.

100.   The use of force was escalated despite the fact that group of demonstrators, including Plaintiffs, posed no threat to police or public safety.

101.   Defendant police officers launched tear gas canisters into the group of protestors, including Plaintiffs.

102.   Defendant police officers again used tear gas near the corner of Central and Harvard, and continued to deploy it after the group of protestors moved back towards the University campus and were in the area near the intersection of Central and Cornell.

103.   Defendant police officers continued shooting at people in the group of protestors, including Plaintiffs, with 'bean bag rounds' and pepper balls.

104.   Defendant police officers sprayed pepper spray in the faces of members of the group of protestors, including Plaintiffs.

105.   Many people amongst the group of protestors left, or attempted to leave, the area to escape the tear gas, 'bean bag' rounds, and other uses of force.

106.   Defendant police officers continued to push protestors with horses, push and strike protesters with batons and to fire tear gas into the group.

107. Tear gas canisters were deployed not just on the street, but also on the University of New Mexico campus.

108. One of the tear gas canisters shot by the Defendant police officers into the group of protestors on the plaza of the University of New Mexico bookstore hit a man directly in the forehead.

109. Defendant police officers prevented Plaintiff Lori Eaton, a nurse who had been attending to the injured man, from communicating with paramedics concerning his injuries and the care she had provided.

110. Defendant police officers continued to fire 'bean bag' rounds into the crowd and at individual protestors.

111. Defendant police officers formed a phalanx and targeted members of the group of protestors who were drumming, including some of the Plaintiffs.

112. The drums, many homemade, were forcibly taken and many of the drummers, including some of the Plaintiffs, were arrested by Defendant police officers.

113. Plaintiffs and several other protestors were arrested.

114. Eventually, the peace protestors began to disperse as people found ways to leave that were not barred by the Defendant police officers, and the Defendant police officers, after making several arrests, also began to disperse.

115. Plaintiffs Christina Maya Trafton and Lane Leckman both suffered injury at the hands of Defendant Officers during the protest and called 911 for help. Not only did the 911 dispatcher ignore and not respond to their request for help, but the persons who answered their calls appeared to be ridiculing them.

14

116. Several members of the group of protestors, including some of the Plaintiffs, were prosecuted criminally based on the complaints filed against them by the Defendant police officers.

117. Many of the people in the group of protestors filed complaints with the Police Oversight Commission, requesting a review of the Defendant police officers and Defendant Gonzales' actions.

118. On November 20, 2003 the City of Albuquerque Police Oversight Commission released its findings in relation to the various complaints against police officers filed by peaceful demonstrators who were at the March 20, 2003, protest.

119. The Police Oversight Commission found that Defendant Gonzales had initially allowed protestors to enter the streets.

120. The Police Oversight Commission found that Defendant Gonzales later changed his mind and ordered arrests and the use of force in order to clear the streets.

121. The Police Oversight Commission found that the police used excessive force.

122. The Police Oversight Commission found that the police made wrongful arrests.

123. The Police Oversight Commission found that the police had wrongfully handled the protest.

124. Defendant Chavez went before the press on March 21, 2003 and informed the public that the Defendant police officers and Defendant John Gonzales had not done anything improper, ratifying the actions of the police *ex post facto*.

## COUNT I - FALSE IMPRISONMENT
## WAIVED BY THE NM TORT CLAIMS ACT
### (By Plaintiffs Silva-Banuelos, Michael Kisner, Doyon Against Individual Defendant police officers, and Against Defendant City)

125. Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

15

126.   Defendants do not have immunity from this claim because it has been waived by the New Mexico Tort Claims Act.

127.   Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner, and Denis Doyon were all held at the scene of the protest by the Defendant police officers against their will.

128.   Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner, and Denis Doyon were arrested by Defendant police officers against their will.

129.   The individual Defendant police officers detained members of the group of protestors, including the above-named Plaintiffs, without reasonable suspicion or probable cause to believe they had committed or were committing any criminal offense.

130.   This initial detention of the above-named Plaintiffs was unlawful.

131.   The individual Defendant police officers caused the above-named Plaintiffs to be arrested.

132.   The continued detention of the above-named Plaintiffs was unlawful.

133.   The detention of the above-named Plaintiffs was without reasonable suspicion or probable cause to believe that they were engaging in criminal activity or that they were armed and dangerous.

134.   The detentions of Plaintiffs were not justified or privileged under state law and constituted false imprisonment.

135.   The Defendant City is responsible under the doctrine of *respondeat superior* for torts committed by the individual Defendant police officers.

136.   If a jury determines that the individual Defendant police officers falsely-imprisoned the above-named Plaintiffs, the Defendant City is liable as well.

16

137.    This tort by the individual Defendant police officers was intentional, willful, wanton, obdurate and in gross and reckless disregard of the above-named Plaintiffs' rights.

138.    The false imprisonment caused the above-named Plaintiffs to suffer some physical injury (in regard to some Plaintiffs) and emotional distress, and necessitated they find legal counsel to defend them in Court.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages along with appropriate attorneys' fees and costs, from Defendants City and the individual Defendant police officers.

### COUNT II - BATTERY
### WAIVED BY THE NM TORT CLAIMS ACT
### (By All named Plaintiffs Against Individual Defendant police officers and Against Defendant City)

139.    Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

140.    Defendants do not have immunity from this claim because it has been waived by the New Mexico Tort Claims Act.

141.    Defendant police officers hit, shoved, or struck Plaintiffs Camille Chavez, Lori Eaton, Lane Leckman, Michael Kisner, Lisa Kisner and Susan Schuurman with police batons during the protest.

142.    Defendant police officers grabbed, pushed or shoved Plaintiffs Lori Eaton, Lane Leckman, Lucy Gilster, Alma Rosa Silva-Banuelos, Michael Kisner, Lisa Kisner and Susan Schuurman during the protest.

143.    Defendant police officers grabbed a plastic tub, being used as a drum, from the hands of Plaintiff Lucy Gilster, and grabbed Plaintiff Denis Doyon's drum from his hands as well.

· 17

144.    Mounted Defendant police officers purposefully struck Plaintiffs Michael Kisner and Curtis Trafton with police horses.

145.    Defendant police officers sprayed pepper gas and shot tear gas canisters into the group of protestors. The gases soaked into the eyes, skin and the airways of Plaintiffs Camille Chavez, Lynn Buck, Lori Eaton, Lane Leckman, Lucy Gilster, Brian Haney, Maria Santelli, Michael Kisner, Lisa Kisner, Alicia Kisner, Christina Maya Trafton, Susan Shuurman, and Nick Wechselberger, causing many of them pain and making it difficult for many of them to breathe.

146.    Plaintiff Michael Kisner was sprayed at close range and all over his person with pepper spray by Defendant police officers.

147.    Defendant police officers shot at Plaintiff Camille Chavez repeatedly with 'bean bag rounds.'

148.    Defendant police officers caused Plaintiffs Silva-Banuelos, Doyon, and Michael Kisner to be arrested and handcuffed.

149.    The above-described actions by Defendant police officers constitute batteries upon Plaintiffs, pursuant to Section 41-4-12 of the New Mexico Tort Claims Act.

150.    Defendant police officers intended to perform the acts of offensive touching to the above-named Plaintiffs' persons.

151.    These actions of Defendant police officers were unreasonably intrusive, offensive, unlawful, and totally unnecessary under the circumstances, therefore, defendants had no state law privilege as law enforcement officers to perform the alleged acts.

152.    The Defendant City is directly responsible to the above-named Plaintiffs under the doctrine of *respondeat superior* for the acts of Defendant police officers.

153.   If a jury determines that Defendant police officers battered the above-named Plaintiffs, the Defendant City is liable as well.

154.   The tortious batteries by Defendant police officers were intentional, willful, wanton, obdurate and in gross and reckless disregard of the above-named Plaintiffs' rights.

155.   The batteries caused the above-named Plaintiffs to suffer from physical injury and emotional distress, and caused them to incur attorneys' fees and costs.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages along with appropriate attorneys' fees and costs, from Defendant police officers and Defendant City.

## COUNT III - MALICIOUS ABUSE OF PROCESS
### WAIVED BY THE NM TORT CLAIMS ACT
### (By Plaintiffs Silva-Banuelos, Michael Kisner, Doyon, Against Individual Defendant police officers, Defendant John Gonzales, and Defendant City)

156.   Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

157.   Defendants do not have immunity from this claim because it has been waived by the New Mexico Tort Claims Act.

158.   Defendant police officers and Defendant Gonzales caused Plaintiffs Silva-Banuelos, Michael Kisner, and Denis Doyon to be maliciously prosecuted.

159.   Defendant police officers and Defendant Gonzales filed false police reports.

160.   Defendant police officers, under the direct supervision of Defendant Gonzales, initiated charges against the above-named Plaintiffs.

161.   Defendant police officers and Defendant Gonzales then encouraged the continued prosecution and procured the charges against the above-named Plaintiffs.

162.   Defendant police officers and Defendant Gonzales intentionally provided false information to the prosecuting attorneys.

19

163.   Defendants caused numerous irregularities in the prosecutions of the above-named Plaintiffs, including the filing of false complaints, the provision of false information to the prosecuting attorneys, and arresting them without probable cause.

164.   Defendant police officers' and Defendant Gonzales' motivations in prosecuting the above-named Plaintiffs were improper. The prosecutions were motivated by a desire to inhibit the exercise of political speech by the above-named Plaintiffs and to punish them for criticizing and questioning the order to invade Iraq by the President of the United States.

165.   The Defendant City is directly responsible to Plaintiffs under the doctrine of *respondeat superior* for the acts of Defendant police officers and Defendant Gonzales.

166.   If a jury determines that Defendant police officers and Defendant Gonzales prosecuted the above-named Plaintiffs, the Defendant City is liable as well.

167.   Defendant police officers' and Defendant Gonzales' actions were intentional, willful, wanton, obdurate and in gross and reckless disregard of Plaintiffs' rights.

168.   The malicious abuse of process caused the above-named Plaintiffs to suffer from emotional distress, and caused them to incur attorneys' fees and costs.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages along with appropriate attorneys' fees and costs, from Defendant police officers, Defendant John Gonzales, and Defendant City.

### COUNT IV - 42 U.S.C. § 1983 - WRONGFUL SEIZURE AND ARREST
### (By Plaintiffs Silva-Banuelos, Michael Kisner, Doyon Against Individual Defendant police officers, and Defendant Gonzales)

169.   Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

170.    Plaintiffs have, and had, a Fourth Amendment right to be free of unreasonable searches and
seizures.

171.    Defendant police officers, under the direct supervision and pursuant to the orders of
Defendant John Gonzales, deprived Plaintiffs Silva-Banuelos, Michael Kisner, and Doyon
of this right by detaining them, by causing them to be arrested, and by charging them with
violations of the criminal law without probable cause.

172.    Defendant police officers and Defendant Gonzales intentionally filed false police reports and
false criminal complaints.

173.    These actions of Defendant police officers, as described in the body of the complaint and in
the false imprisonment count, caused damages, including emotional distress, physical injury,
and attorneys' fees and costs, to the above-named Plaintiffs.

174.    Defendant police officers' actions were intentional, willful, and wanton, as they knew that
they did not have probable cause to detain and/or arrest the Plaintiffs.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages along
with attorneys' fees and costs, from Defendant police officers.

### COUNT V - 42 U.S.C. § 1983 - EXCESSIVE USE OF FORCE
### (By All named Plaintiffs Against
### Individual Defendant police officers and Defendant Gonzales)

175.    Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

176.    Plaintiffs have, and had, a Fourth Amendment right to be free of excessive use of force by
law enforcement officers.

21

177. Defendant police officers, under the direct supervision of and pursuant to the orders of Defendant Gonzales, deprived all named Plaintiffs of their right to be free of excessive use of force.

178. The force that the individual Defendant police officers used against the above-named Plaintiffs, as described above in the body of the complaint and in the battery count, was objectively unreasonable under the circumstances.

179. The Defendant police officers' excessive uses of force caused damages, including emotional distress and physical injury, to the above-named Plaintiffs.

180. The Defendant police officers' actions were willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages, along with attorneys' fees and costs, from Defendant police officers and Defendant John Gonzales.

### COUNT VI - 42 U.S.C. § 1983 -SUPPRESSION OF RIGHTS TO FREEDOM OF EXPRESSION AND ASSEMBLY (By All named Plaintiffs Against Individual Defendant Officers and Defendant John Gonzales)

181. Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

182. Plaintiffs have, and had, a First Amendment right to freedom of speech and expression and to assemble.

183. Plaintiffs were engaged in political speech in a traditional public forum.

184. Plaintiffs were not violating the laws or engaging in activity dangerous to the public safety.

185. Defendant police officers and Defendant Gonzales unlawfully suppressed Plaintiffs' freedom of speech and prevented the peaceful assembly of Plaintiffs by all of their conduct as enumerated in the body of the complaint.

22

186.   Defendant police officers and Defendant Gonzales suppressed Plaintiffs' speech because Plaintiffs were protesting the order to invade Iraq.

187.   Defendant police officers and Defendant Gonzales' actions violated the Plaintiffs' First Amendment rights to freedom of expression and to assemble.

188.   Defendant police officers and Defendant Gonzales, as police officers, have an affirmative duty, above and beyond that of ordinary people, to exercise restraint in response to words they may find unpleasant.

189.   Defendant police officers' and Defendant Gonzales' actions caused damages, including emotional distress, physical injury, and attorneys' fees and costs, to Plaintiffs.

190.   Defendant police officers and Defendant Gonzales acted intentionally, willfully, wantonly, obdurately, and in gross and reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages, along with attorneys' fees and costs, from Defendants officers and Defendant Gonzales. Plaintiffs also request injunctive and declaratory relief, to ensure Defendants commit no further violations of civil rights of this nature.

### COUNT VII - 42 U.S.C. § 1983 - RETALIATORY PROSECUTION
### (By Plaintiffs Silva-Banuelos, Michael Kisner, Doyon, Against Individual Defendant police officers, and Defendant John Gonzales)

191.   Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

192.   Plaintiffs have, and had, a constitutional right, protected by the First and Fourteenth Amendments, to be free of arrest and prosecution in retaliation for the exercise of constitutional rights, specifically the right to exercise their freedom to assemble and to engage in political protest in a public forum.

23

193.    Defendant police officers and Defendant Gonzales deprived Plaintiffs Silva-Banuclos, Michael Kisner, and Doyon of their First and Fourteenth Amendment rights by arresting Plaintiffs and filing charges without probable cause, and pursuing these charges in retaliation for Plaintiffs' exercise of free speech, specifically in retaliation for Plaintiffs' public political protest against the order to invade Iraq by the President of the United States, as described in the body of the complaint.

194.    Defendant police officers and Defendant Gonzales filed false police reports and false criminal complaints.

195.    Defendant police officers' and Defendant Gonzales' actions caused damages, including emotional distress and attorneys' fees and costs, to Plaintiffs.

196.    Defendant police officers' and Defendant Gonzales' actions were willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages, along with attorneys' fees and costs, from Defendant police officers and Defendant Gonzales.

### COUNT VIII – 42 U.S.C. § 1983 – MALICIOUS PROSECUTION
### (By Plaintiffs Silva-Banuelos, Michael Kisner, Doyon Against Individual Defendant Police Officers, and Defendant John Gonzales)

197.    Defendant police officers and Defendant Gonzales caused Plaintiffs Silva-Banuelos, Michael Kisner, and Doyon, to be maliciously prosecuted. In the course of the prosecutions, they were arrested in violation of their Fourth Amendment rights.

198.    Defendant police officers and Defendant Gonzales filed false police reports.

199.    Defendant police officers, under the direct supervision of Defendant Gonzales, initiated unfounded charges against the above-named Plaintiffs.

24

200.   Defendant police officers and Defendant Gonzales then encouraged the continued prosecution and procured the charges against the above-named Plaintiffs.

201.   Defendant police officers and Defendant Gonzales intentionally provided false information to the prosecuting attorneys.

202.   Defendants caused numerous irregularities in the prosecutions of the above-named Plaintiffs, including the filing of false complaints, the provision of false information to the prosecuting attorneys, and arresting them without probable cause.

203.   Defendant police officers' and Defendant Gonzales' motivations in prosecuting the above-named Plaintiffs were improper. The prosecutions were motivated by a desire to inhibit the exercise of political speech by the above-named Plaintiffs and to punish them for criticizing and questioning the order to invade Iraq by the President of the United States.

204.   Plaintiffs were innocent of all the charges filed against them.

205.   Defendant police officers' and Defendant Gonzales' actions caused damages, including emotional distress, physical injury, and attorneys' fees and costs, to Plaintiffs.

206.   Defendant police officers and Defendant Gonzales acted intentionally, willfully, wantonly, obdurately, and in gross and reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages, along with attorneys' fees and costs, from Defendants officers and Defendant Gonzales. Plaintiffs also request injunctive and declaratory relief, to ensure Defendants commit no further violations of civil rights of this nature.

### COUNT IX- 42 U.S.C. § 1983 - CLAIM OF SUPERVISORY LIABILITY AND MUNICIPAL LIABILITY FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS (By All named Plaintiffs Against Defendants City, Chavez,

25

## Bakas, Gallegos, Schultz, and John Gonzales)

207. Plaintiffs incorporate all of the preceding paragraphs as if fully stated herein.

208. Defendants Chavez, Bakas, Gallegos, and Schultz are authorized policymakers for the Defendant City.

209. Defendants Chavez, Bakas, Gallegos, and Schultz approved and ratified the decisions and actions of their subordinates and the basis for the decisions of their subordinates.

210. The decisions and actions of their subordinates are those leading to the unlawful actions of the individual Defendant police officers and Defendant Gonzales, as described in the body of this complaint.

211. Defendant police officers and Defendant John Gonzales' actions, as approved and ratified by Defendants Chavez, Bakas, Gallegos, and Schultz, caused damages, including emotional distress, physical injury, and attorneys' fees and costs, to Plaintiffs.

212. The policies, customs, decisions and practices of Defendants Chavez, Bakas, Gallegos and Schultz created a climate within the City and its police department that led the police officers to believe that they could act with impunity and in the manner described in this complaint.

213. Defendant John Gonzales was the direct, on-sight, supervisor of the individual Defendant police officers. As such, his actions became the official policy of the City.

214. Defendant John Gonzales issued orders that resulted in the violation of Plaintiffs' rights and failed to stop unlawful activity by the individual Defendant police officers, as described in the complaint.

26

215.   At all times, the individual Defendant police officers and Defendant Gonzales were acting in accord with and following the official policies, customs and practices of the Defendant City and its police force, as described in the complaint, specifically:

    A.   Defendant City of Albuquerque has a policy and practice of using unlawful and excessive force on peaceful protesters, including the misuse of pepper spray, mace, bean bag bullets, pepper balls and tear gas.

    B.   Defendant City of Albuquerque failed to properly and adequately train and supervise its police force in how to handle peaceful demonstrations such as the one described in this complaint.

    C.   Defendant City of Albuquerque has a policy and practice of unlawfully denying anti-war protesters their First Amendment rights to gather and express their views in a public forum.

    D.   Defendant City of Albuquerque has a policy and practice of unlawfully arresting peaceful protesters.

    E.   Defendant City of Albuquerque has a policy and practice of unlawfully and maliciously prosecuting peaceful protesters.

    F.   Defendant City of Albuquerque has a policy and practice of not accounting for the ammunition of its officers after demonstrations like the one described in this complaint nor accounting for their use of weapons.

    G.   Defendant City of Albuquerque has a policy and practice of not requiring its officers to wear any type of identification at demonstrations like the one described in this complaint.

27

200.   Defendant police officers and Defendant Gonzales' actions were intentional, willful, wanton, obdurate, and in gross and reckless disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs request full and fair compensation, including punitive damages, along with attorneys' fees and costs, from all of the named Defendants.  Plaintiffs also request injunctive and declaratory relief, to ensure there are no further violations of civil rights of this nature by the defendants.

28

Respectfully submitted,

Peter Schoenburg
Carolyn M. "Cammie" Nichols
Marc Mitchell Lowry
Rothstein, Donatelli, Hughes,
Dahlstrom & Schoenburg, LLP
500 4th Street, N.W., Suite 400
Albuquerque, NM 87102
(505) 243-1443 (phone)
(505) 242-7845 (fax)

Mary Louise Boelcke
318 Solano Drive, S.E.
Albuquerque, NM 87108
(505) 265-3445 (phone)
(505) 266-6565 (fax)

Lawrence B. Kronen
122 Tulane, S.E.
Albuquerque, NM 87106
(505) 256-7690 (phone)
(505) 256-7641 (fax)

David Stotts
6707 Academy, N.E., Suite A
Albuquerque, NM 87109
(505) 857-0001 (phone)
(505) 857-0008 (fax)

Cindy Marrs
1506 Vista Larga Court, N.E.
Albuquerque, NM 87106
(505) 262-1867 (phone & fax)

Attorneys for Plaintiffs

29

**Philip B. Davis**
Philip B. Davis, Attorney at Law
814 Marquette N.W.
Albuquerque, NM 87102
(505) 242-1904 (phone)
(505) 242-1864 (fax)

Of Counsel for Plaintiffs