## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
CAMILLE CHAVEZ, DENIS DOYON, LORI EATON,
LUCY GILSTER (by her next best friend, JENNIE LUSK),
BRIAN HANEY, ALICIA KISNER (by her next best
friend, LISA KISNER), LISA KISNER, MICHAEL KISNER,
LANE LECKMAN, MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON, CURTIS TRAFTON, and
NICK WECHSELBERGER,

       Plaintiffs,

vs.                                                                Civ. No. 04-1000 JP/DJS

CITY OF ALBUQUERQUE; MAYOR MARTIN CHAVEZ,
in his official and individual capacity; DEPARTMENT OF
PUBLIC SAFETY CHIEF NICK BAKAS, in his official and
individual capacity; CHIEF OF POLICE GILBERT GALLEGOS,
in his official and individual capacity; DEPUTY CHIEF OF POLICE
RAY SCHULTZ, in his official and individual capacity; CAPTAIN
JOHN GONZALES, in his official and individual capacity,
ALBUQUERQUE POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, NICK GONZALES,
ALLEN S. HANCOCK, SGT. STEVE HILL, CHARLES LOPEZ,
DANIEL S. MAGETTERI, JAMES MONTOYA, SGT. SHAWN
O'CONNELL, PABLO A. PADILLA, and JAMES PERDUE, in
their individual capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

      The subject of this Memorandum Opinion and Order is Defendants' Motion for Partial

Summary Judgment No. I:  Dismissal of Plaintiffs' Official Capacity Claims Against Chavez,

Bakas, Gallegos, and Schultz (Doc No. 107), filed on January 31, 2006.  The Court, having

considered the pleadings submitted by the parties and the applicable law, finds that Defendants'

motion should be granted.

## I.      BACKGROUND

This case arises out of a March 20, 2003 political demonstration that began at the University of New Mexico bookstore to protest the invasion of Iraq.  The 16 Plaintiffs in this case attended the anti-war demonstration.  They allege that their constitutional and state law rights were violated in the course of Defendants' response to the protest.  Defendants Deputy Chief of Police Ray Schultz, Officer Raymond DeFrates, Officer Michael Fisher, Officer James Leroy Fox, Officer Nicholas Gonzales, Officer Allen S. Hancock, Sgt. Steven Hill, Officer Charles Lopez, Officer Daniel Mageterri, Officer James Montoya, Sgt. Shawn O'Connell, Officer Pablo Padilla, Officer James Perdue (collectively, "Defendant Officers") and Defendant Captain John Gonzales were part of the Albuquerque Police Department's response to the anti-war protest.

In their First Amended Complaint, Plaintiffs assert both civil rights violations and state tort claims against the City of Albuquerque ("the City"), against all the other defendants in their individual capacities, and against Defendants Mayor Martin Chavez, Department of Public Safety Chief Nick Bakas, Chief of Police Gilbert Gallegos, Deputy Chief of Police Ray Schultz, and Captain John Gonzales in their official capacities.  The First Amended Complaint contains the following claims:

Count I:       Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner, and Denis Doyon's claim for False Imprisonment against the Defendant Officers and the City;

Count II:      All named Plaintiffs' claim for Battery against Defendant Officers and the City;

Count III:     Plaintiffs Silva-Banuelos, Michael Kisner, and Doyon's claim for Malicious Abuse of Process against the Defendant Officers, Defendant John Gonzales, and the City;

Count IV:      Plaintiffs Silva-Banuelos, Michael Kisner, and Doyon's claim for Wrongful Seizure and Arrest under 42 U.S.C. § 1983 against the Defendant Officers and Defendant John Gonzales;

Count V:        All named Plaintiffs' claim for Excessive Use of Force under 42 U.S.C. § 1983 against the Defendant Officers and Defendant John Gonzales;

Count VI:       All named Plaintiffs' claim for Suppression of Rights to Freedom of Expression and Assembly under 42 U.S.C. § 1983 against the Defendant Officers and Defendant John Gonzales;

Count VII:      Plaintiffs Silva-Banuelos, Michael Kisner, and Doyon's claim for Retaliatory Prosecution under 42 U.S.C. § 1983 against the Defendant Officers and Defendant John Gonzales;

Count VIII:     Plaintiffs Silva-Banuelos, Michael Kisner, and Doyon's claim for Malicious Prosecution under 42 U.S.C. § 1983 against the Defendant Officers and Defendant John Gonzales; and

Count IX:       All named Plaintiffs' claim for Supervisory Liability and Municipal Liability for Violations of Constitutional Rights under 42 U.S.C. § 1983 against the City and Defendants Chavez, Bakas, Gallegos, Schultz, and John Gonzales.

On January 31, 2006, Defendants filed a motion for partial summary judgment seeking dismissal of Plaintiffs' § 1983 official capacity claims brought against Defendants Chavez, Bakas, Gallegos, and Schultz.  By agreement of counsel, on July 7, 2006, this Court entered an Order (Doc. No. 172) dismissing with prejudice all claims against Defendants Gallegos and Bakas. Therefore, Defendants' motion is now moot as to Defendants Bakas and Gallegos.  The Court will thus only consider Defendants' motion as to Plaintiffs' § 1983 official capacity claims brought against Defendants Chavez and Schultz.

## II.    ARGUMENTS

Defendants argue that Plaintiffs' official capacity claims brought against Defendants Chavez and Schultz are merely another way of pleading their claims against the City.  Because Plaintiffs have already brought a claim against the City, Plaintiffs cannot be afforded additional relief based on their duplicative claims, and the redundant claims are confusing and unnecessary,

and should be dismissed.

Plaintiffs counter that alleging their official capacity claims in addition to their claims against the City is a cosmetic pleading choice well within their rights to make.  Plaintiffs contend that it is important for them to have Defendants Chavez and Schultz named as defendants until they can identify the final policymaker.  Plaintiffs assert that the Court must honor their pleading choice.

## III.   LEGAL STANDARD

Summary judgment is appropriate only if "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)).   "All facts and reasonable inferences must be construed in the light most favorable to the nonmoving party."  *Id.* (internal quotations omitted).

## IV.   DISCUSSION

Official capacity suits represent another way to plead an action against a governmental entity of which the official is an agent.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 n.55 (1978)).  A suit against a government officer in his official capacity is not a suit against the individual, but rather is a suit against the individual's office, which is the real party in interest.  *Id.* at 165-66.  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id.* at 166.  Damages awarded against a defendant in his official capacity are only recoverable against the governmental entity itself.  *Id.*

4

Nevertheless, it is not uncommon for plaintiffs to name both the municipality and officer in an official capacity, often either due to a misunderstanding of § 1983 or in an effort to personalize the municipal entity being sued. *Daskalea v. District of Columbia*, 227 F.3d 433, 448 (D.C. Cir. 2000). Where, however, a plaintiff chooses to sue both the municipality and the municipal officials in their official capacities, courts routinely dismiss the official capacity claims as redundant. *See*, *e.g.*, *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (district court was correct in dismissing § 1983 claims against all municipal officers in their official capacities because allegations duplicated claims against governmental entities themselves); *Rose R. v. Connelly*, 889 F.2d 435, 437 (2d Cir. 1989) (affirming dismissal of § 1983 claim against school superintendent in official capacity because school board was real party in interest); *Jungels v. Pierce*, 825 F.2d 1127, 1129 (7th Cir. 1987) (noting that suit against both city and mayor in his official capacity is really suit against only one defendant; nothing was added by suing mayor in his official capacity because city is liable for official actions of its senior policy-making official); *DeYapp v. Tracy*, No. Civ. 02-452 JP/RLP, slip op. at 12 (D.N.M. June 28, 2004) ("Because Plaintiff's claim against Chief McCloskey in his official capacity is duplicative of the claim brought against the City, the Court finds that the official capacity claim against Chief McCloskey should be dismissed."); *Sims v. Unified Gov't of Wyandotte County/Kansas City*, 120 F.Supp.2d 938, 944 (D.Kan. 2000) (claims against officials in official capacities are duplicative of claims against Unified Government and should be dismissed); *Doe v. Douglas County Sch. Dist.*, 775 F.Supp. 1414, 1416 (D. Colo. 1991) (where plaintiff brought § 1983 claim against school district and against school psychologist in his official capacity, court dismissed redundant official capacity claim as matter of judicial economy and efficiency).

5

The Court finds that Plaintiffs' § 1983 claims brought against Defendants Chavez and Schultz in their official capacities are redundant, confusing, and unnecessary, because they are the same claims as those brought against the City.  Moreover, because they are the same claims, dismissing the official capacity claims will not affect the evidence presented at trial or any ultimate determination by the Court concerning who is the City's official policymaker.  Consequently, to avoid confusion and because adding an official capacity claim "makes no practical difference," *see Jungels*, 825 F.2d at 1129, Plaintiffs' § 1983 official capacity claims against Defendants Chavez and Schultz should be dismissed.

**IT IS THEREFORE ORDERED** that

1.      Defendants' Motion for Partial Summary Judgment No. I:  Dismissal of Plaintiffs' Official Capacity Claims Against Chavez, Bakas, Gallegos, and Schultz (Doc No. 107) is **GRANTED**; and

2.      Plaintiffs' 42 U.S.C. § 1983 claims brought against Defendants Chavez and Schultz in their official capacities are **DISMISSED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

6