IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
CAMILLE CHAVEZ, DENIS DOYON, LORI EATON,
LUCY GILSTER (by her next best friend, JENNIE LUSK),
BRIAN HANEY, ALICIA KISNER (by her next best
friend, LISA KISNER), LISA KISNER, MICHAEL KISNER,
LANE LECKMAN, MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON, CURTIS TRAFTON, and
NICK WECHSELBERGER,

     Plaintiffs,

vs.                                                                                                                                      Civ. No. 04-1000 JP/DJS

CITY OF ALBUQUERQUE; MAYOR MARTIN CHAVEZ,
in his individual capacity; DEPUTY CHIEF OF POLICE RAY
SCHULTZ, in his individual capacity; CAPTAIN JOHN
GONZALES, in his official and individual capacity,
ALBUQUERQUE POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, NICHOLAS GONZALES,
ALLEN S. HANCOCK, SGT. STEVEN HILL, CHARLES LOPEZ,
DANIEL S. MAGETTERI, JAMES MONTOYA, SGT. SHAWN
O'CONNELL, PABLO A. PADILLA, and JAMES PERDUE, in
their individual capacities,

     Defendants.

## MEMORANDUM OPINION AND ORDER

On September 19, 2006 Plaintiffs filed a Motion to Strike Defendant Police Officers' Sham Defense, or in the Alternative, Motion for Rule 37(c)(1) Sanctions for Violation of Discovery Rule 26(a)(1) (Doc. No. 180) ("Motion"). Having considered the briefs and the evidence in the record, the Court concludes that Plaintiffs' Motion should be denied.

As a preliminary matter, the Court notes that what the Plaintiffs have referred to here as the "sham" defense was raised by Defendants Deputy Chief of Police Ray Schultz, Officer Raymond DeFrates, Officer Michael Fisher, Officer James Leroy Fox, Officer Nicholas Gonzales,

Officer Allen S. Hancock, Sgt. Steven Hill, Officer Charles Lopez, Officer Daniel Mageterri, Officer James Montoya, Sgt. Shawn O'Connell, Officer Pablo Padilla, and Officer James Perdue (collectively, "Defendant Officers") in their Motion for Partial Summary Judgment No. II (Doc. No. 108).  Having already addressed in its April 11, 2007 Memorandum Opinion and Order the merits of the Defendant Officers' contentions that other unnamed Albuquerque police officers may have been responsible for the torts and constitutional violations alleged in Plaintiffs' Amended Complaint, the Court adopts by reference its reasoning in the April 11, 2007 Memorandum Opinion and Order and concludes that Defendant Officers' defense is neither a fraud nor a sham.  *See* Memorandum Opinion and Order, filed April 11, 2007 (Doc. No. 204) at 54-57.  The Court will therefore decline to strike this defense and will limit its discussion to Plaintiffs' motion in the alternative for sanctions under Fed. R. Civ. P. 37(c)(1).[1]

## Sanctions under Fed. R. Civ. P. 37(c)(1)

"A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004) (quoting Fed. R. Civ. P. 37(c)(1)).  Plaintiffs assert that the Defendant Officers "have suppressed critical information that they were long ago obligated to

---

[1] The Defendant Officers also assert that Plaintiffs' Motion is untimely because Plaintiffs allowed the discovery motions deadline to pass and did not file their Motion until several months after Defendants had filed their summary judgment motions.  Although there are no established time limits within which a motion for sanctions must be filed, "a Rule 37 motion for sanctions should be filed without unreasonable delay."  *Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).  Plaintiffs have offered no explanation for why they did not file any motions to compel discovery or why this Motion was not filed much earlier.  Without deciding the issue, the Court simply observes that in addition to failing on its merits, the Motion is likely untimely.  *See Williams v. U-Haul Co. of Colorado*, 71 F. App'x. 786, 788 (10th Cir. 2003) (finding that a request for sanctions which came more than six months after the alleged infraction qualified as an unreasonable delay).

disclose to Plaintiffs." Pls.' Motion at 8-9.  Characterizing Defendant Officers' Rule 26(a)(1) initial disclosures as a "laundry list of individuals" which failed to tie "individual officers to the topics and events on which they have relevant information," Plaintiffs contend that the Defendant Officers have not complied with their disclosure obligations under Rule 26(a)(1), resulting in prejudice to Plaintiffs and requiring the imposition of sanctions.  *Id*. at 9-11.  In response, the Defendant Officers argue that they complied fully with their disclosure obligations and that Plaintiffs themselves are to blame for their inability to identify the Albuquerque police officers who may be responsible for the acts alleged in Plaintiffs' Amended Complaint.

When making its initial disclosures, a party is required to disclose "the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . identifying the subjects of the information . . ." Fed. R. Civ. P. 26(a)(1).  Parties are under a continuing duty to supplement their disclosures.  Fed. R. Civ. P. 26(e)(1).  As the Defendant Officers have noted, their Rule 26(a)(1) disclosures were not as meager as Plaintiffs have suggested, and were supplemented five times during the discovery period.  Defs.' Response (Doc. No. 192) at ¶¶ 10-13; *see id.*, Exs. A, D.  Because of the general nature of the claims asserted against the Defendant Officers in Plaintiffs' Amended Complaint, the Defendant Officers do appear to have been justified at the time of their initial disclosure in their belief that they "did not have sufficient information to determine whether they were involved in or witnessed any of the alleged wrongful acts . . ."[2]  *Id*. at ¶ 9.  Fed. R. Civ. P. 26(a)(1)(E) only requires a party

---

[2] Plaintiffs' reliance on *Sender v. Mann*, 225 F.R.D. 645 (D. Colo. 2004), is largely misplaced.  The plaintiff there set out "very specific allegations" in his amended complaint which in turn called for more than the generic initial disclosure made by the defendant.  *Id*. at 651.  Because the Defendant Officers made reasonable disclosures based on the information available to them and submitted substantial supplemental material, the Court finds that the reasoning in *Sender* is not applicable to Plaintiffs' Motion.

to "make its initial disclosures based on the information then reasonably available to it . . . ."  In view of the materials provided by the Defendant Officers in their initial disclosures, it would be inappropriate to conclude that the Defendant Officers' disclosures were lacking or otherwise constituted sanctionable conduct.

The main thrust of Plaintiffs' argument lies in the contention that the Defendant Officers failed in their obligation to supplement their Rule 26 disclosures after Plaintiffs provided them with video footage of the protest.  The Defendant Officers admitted in their summary judgment briefing that after reviewing the videos, they could specifically identify some of the officers who were involved in some of the incidents alleged by Plaintiffs.  *See* Reply Memorandum in support of Defs.' Motion for Partial Summary Judgment No. II (Doc. No. 155) at 24.  Because this admission was not followed by a supplemental disclosure of the names of the identified officers, Plaintiffs contend that the Defendant Officers violated their Rule 26 obligations.

Although a party is under a continuing duty to supplement its disclosures at appropriate intervals, there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process . . ."  Fed. R. Civ. P. 26 Advisory Committee Notes (1993 amendments), subdivision (e); *Mehus v. Emporia State University*, 326 F. Supp. 2d 1213, 1218 (D. Kan. 2004) (quoting the Advisory Committee Notes).  As the parties have pointed out in their briefing, only three of the Plaintiffs, Denis Doyon, Camille Chavez, and Alma Silva-Banuelos, were videotaped during their interactions with the Albuquerque police which gave rise to their claims.  Though certain other Plaintiffs can be seen in the video footage, Plaintiffs have stated that "there is nothing about these portions of videotape which would realistically lead to any epiphany on the part of any officer as to the identity of the

4

supposed 'other wrongdoers.'" Pls.' Reply (Doc. No. 197) at 7 n.3.  Focusing on Plaintiffs Doyon, Chavez, and Silva-Banuelos, the Court finds that any information that the Defendant Officers would have acquired after reviewing the video footage related to Plaintiffs Doyon, Chavez, and Silva-Banuelos' claims should have already been known to Plaintiffs.

 Having received copies of the signed criminal complaints against them, Plaintiffs Doyon and Silva-Banuelos were clearly aware of the names of their arresting officers.  *See* Defs.' Response at ¶¶ 56-57; Reply Memorandum to Defs.' Motion for Partial Summary Judgment No. I (Doc. No. 145), Exs. A, D.  Plaintiff Silva-Banuelos stated in her deposition that she knew, but had forgotten, the name of the officer who had arrested her, but that she was fairly certain that the arresting officer was the officer who had signed her criminal complaint.  *See* Defs.' Motion for Partial Summary Judgment No. III (Doc. No. 109), Ex. B at 136-37.  Plaintiff Chavez filed a motion for partial summary judgment against Defendant Officer Michael Fisher and presented evidence, including video footage, which suggests that Defendant Officer Fisher was the police officer responsible for shooting Plaintiff Chavez with pepper ball rounds.  *See* Pls.' Motion for Partial Summary Judgment No. I (Doc. No. 128) at ¶ 15.  Given the state of these Plaintiffs' knowledge long before the close of discovery, it would appear that the information the Defendant Officers acquired by reviewing the video footage had already been made known to Plaintiffs during the discovery process.[3]  Therefore, the Defendant Officers were under no obligation to

---

[3] The Defendant Officers also direct the Court's attention to other information which Plaintiffs possessed before the close of discovery, but which did not prompt Plaintiffs to either amend their Complaint or to further develop the record.  *See* Defs.' Response at ¶¶ 55-62.  In particular, Plaintiffs' decision not to depose or name in this lawsuit Officers Kenny Sadler, Larry Campbell, or Dave Hubbard, all of whom were tied to claims made by various Plaintiffs, appears to be the result of a tactical decision, rather than due to any failure on the Defendant Officers' part to disclose this information.

provide Plaintiffs with supplemental information on these issues.  *See Mehus*, 326 F. Supp. 2d at 1218.

Though the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court," *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999) (internal quotation marks and citation omitted), the Court concludes that there is no need to engage in this analysis because Plaintiffs have not shown that the Defendant Officers violated Rule 26(a).  Because Plaintiffs were aware of the same information that the Defendant Officers acquired after reviewing Plaintiffs' videos, the Defendant Officers were under no duty to supplement their initial disclosures more than they did.

IT IS HEREBY ORDERED THAT Plaintiffs' Motion to Strike Defendant Police Officers' Sham Defense, or in the Alternative, Motion for Rule 37(c)(1) Sanctions for Violation of Discovery Rule 26(a)(1) (Doc. No. 180) is DENIED.

*/s/ James A. Parker*

SENIOR UNITED STATES DISTRICT JUDGE