# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LYNN BUCK, ALMA ROSA SILVA-BANUELOS,
CAMILLE CHAVEZ, DENIS DOYON, LORI EATON,
LUCY GILSTER (by her next best friend, JENNIE LUSK),
BRIAN HANEY, ALICIA KISNER (by her next best
friend, LISA KISNER), LISA KISNER, MICHAEL KISNER,
LANE LECKMAN, MARIA SANTELLI, SUSAN SCHUURMAN,
CHRISTINA MAYA TRAFTON, CURTIS TRAFTON, and
NICK WECHSELBERGER,

      Plaintiffs,

vs.                                              Civ. No. 04-1000 JP/DJS

CITY OF ALBUQUERQUE; MAYOR MARTIN CHAVEZ,
in his individual capacity; DEPUTY CHIEF OF POLICE RAY
SCHULTZ, in his individual capacity; CAPTAIN JOHN
GONZALES, in his official and individual capacity,
ALBUQUERQUE POLICE OFFICERS RAYMOND DeFRATES,
MICHAEL FISHER, JAMES LEROY FOX, NICHOLAS GONZALES,
ALLEN S. HANCOCK, SGT. STEVEN HILL, CHARLES LOPEZ,
DANIEL S. MAGETTERI, JAMES MONTOYA, SGT. SHAWN
O'CONNELL, PABLO A. PADILLA, and JAMES PERDUE, in
their individual capacities,

      Defendants.

## MEMORANDUM OPINION AND ORDER

On June 19, 2007 Plaintiffs filed a Motion for District Court Certification of Defendants'

Interlocutory Appeals as Frivolous (Doc. No. 225) ("Plaintiffs' Motion").  Having considered

the briefs and other filings in the case docket, the Court concludes that Plaintiffs' Motion should

be denied.

## I.      BACKGROUND

In its April 11, 2007 Memorandum Opinion and Order (Doc. No. 204), the Court denied

summary judgment based on qualified immunity to Defendant Officers Michael Fisher, Allen S.

Hancock, Steven Hill, Charles Lopez, and James Perdue (collectively, the "Defendant Officers"), and Defendant Captain John Gonzales ("Defendant Gonzales") on certain claims raised in the First Amended Complaint.  Shortly thereafter, Defendant Gonzales filed a Notice of Appeal (Doc. No. 208) in which he identified as the subject of his appeal the Court's holdings with respect to his defense of qualified immunity to Plaintiffs' claims under 42 U.S.C. § 1983 asserted in Counts IV - VIII of the First Amended Complaint.  On April 30, 2007 the Defendant Officers followed suit and filed a Notice of Appeal (Doc. No. 209) in which they identified as the subject of their appeal the Court's holdings with respect to their defenses of qualified immunity to Plaintiffs' claims for First Amendment retaliation asserted in Count VI of the First Amended Complaint.  Plaintiffs now move the Court to certify Defendant Gonzales' and the Defendant Officers' interlocutory appeals as frivolous in accordance with the Tenth Circuit's decision in *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990).

## II.      STANDARD

In general, the appellate courts have jurisdiction to review only "final decisions" of the district courts.  *See* 28 U.S.C. § 1291; *Johnson v. Jones*, 515 U.S. 304, 309 (1995). Nevertheless, in *Mitchell v. Forsyth*, 472 U.S. 511 (1985), the Supreme Court applied the collateral order doctrine first announced in *Cohen v. Beneficial Indus. Loan Corp., Inc.*, 337 U.S. 541 (1949) to district court decisions denying public officials' motions for summary judgment asserting the defense of qualified immunity and held that such orders were immediately appealable in certain circumstances.  *Mitchell*, 472 U.S. at 528.  However, the Supreme Court later clarified that the right to an interlocutory appeal of a denial of qualified immunity is not absolute.  A defendant who is "entitled to invoke a qualified immunity defense[] may not appeal

a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson*, 515 U.S. at 319-20; *see also Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir.1997) (explaining *Johnson*).  In order to be appealable, the district court's decision must concern "not which facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." *Johnson*, 515 U.S. at 311 (discussing *Mitchell*, 472 U.S. at 528).  The Supreme Court explained that "when the district court's summary judgment ruling merely determines the sufficiency of the evidence offered by the plaintiff in response to the defendant's factual assertions, the appeal is unlikely to involve the kind of abstract legal issues separate from the fact-related issues that will arise at trial.  Thus, many of the justifications for applying the *Cohen* collateral order doctrine will not be present." *Johnson v. Martin*, 195 F.3d 1208, 1214 (10th Cir. 1999) (discussing *Johnson*, 515 U.S. at 313-20).

"[E]ven though a district court concludes that there are controverted factual issues, a summary judgment ruling may still be immediately appealable in certain circumstances.  In particular, if a defendant's appeal of the denial of a motion for summary judgment is based on the argument that, even under the plaintiff's version of the facts, the defendant did not violate clearly established law, then the district court's summary judgment ruling is immediately appealable." *Martin*, 195 F.3d at 1214 (citations omitted); *see also Foote*, 118 F.3d at 1422 (concluding that appellate jurisdiction exists when a defendant challenges on appeal the district court's "determination that *under either party's version of the facts* the defendant violated clearly established law") (emphasis added).  Likewise, the appellate court is not required to "decline review of a pretrial order denying summary judgment solely because the district court

says genuine issues of material fact remain . . ." *Gross v. Pirtle*, 245 F.3d 1151, 1156-57 (10th Cir. 2001); *see also Behrens v. Pelletier*, 516 U.S. 299, 312-13 (1996) ("[d]enial of summary judgment often includes a determination that there are controverted issues of material fact . . . and *Johnson* surely does not mean that every such denial of summary judgment is nonappealable"). Because orders denying summary judgment based on qualified immunity necessarily involve legal determinations that certain alleged actions violated clearly established law, a defendant may appeal the issue of whether "the conduct which the District court deemed sufficiently supported for purposes of summary judgment" meets the applicable legal standards. *Behrens*, 516 U.S. at 313. The Tenth Circuit has on numerous occasions reviewed the legal question of whether a defendant's conduct, as alleged by the plaintiff, violates clearly established law even when the district court concluded that issues of material fact exist. *See Malik v. Arapahoe County Dep't of Soc. Servs.*, 191 F.3d 1306, 1315 (10th Cir. 1999); *Clanton v. Cooper*, 129 F.3d 1147, 1153 (10th Cir. 1997); *see also Wilson v. Meeks*, 98 F.3d 1247, 1251-52 (10th Cir. 1996) (noting that other circuits characterize a review of whether the plaintiff's version of the facts establishes a constitutional violation as an immediately appealable legal question). In such circumstances, "a qualified immunity appeal raises the kind of abstract legal issues that are separate from the factual issues that may arise at trial. Accordingly, the *Cohen* collateral order doctrine may be applied to provide appellate jurisdiction." *Martin*, 195 F.3d at 1214-15.

Following the timely filing of a notice of interlocutory appeal in accordance with Fed. R. App. P. 3, the matter in question is transferred from the district court to the court of appeals, thus divesting the district court of jurisdiction. *Stewart,* 915 F.2d at 577. However, the Tenth Circuit has recognized that "there is the risk that such interlocutory appeals will be subject to abuse" as a

dilatory tactic.  *Id.* at 576; *cf. U.S. v. Hines*, 689 F.2d 934, 936-37 (10th Cir. 1982) ("the

divestiture of jurisdiction rule . . . should not leave the trial court powerless to prevent intentional

dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to

trial by merely filing a motion, however frivolous, and appealing the trial court's denial

thereof").  To prevent the potential misuse of interlocutory review, a district court may retain

jurisdiction over a matter if the district court "(1) after a hearing and, (2) for substantial reasons

given, (3) f[inds] the claim to be frivolous."  *Stewart*, 915 F.2d at 576 (quoting *Hines*, 689 F.2d

at 937).  Such a finding of frivolousness enables the district court to proceed to trial absent

intervention by the court of appeals.  *Id.* (citing *Hines*, 689 F.2d at 937); *Apostol v. Gallion*, 870

F.2d 1335, 1339 (7th Cir. 1989) ("If the claim of immunity is a sham, however, the notice of

appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court

in its tracks . . . a district court may certify to the court of appeals that the appeal is frivolous and

get on with the trial").  If the district court determines that the defendant's appeal is frivolous,

the defendant may seek a stay from the court of appeals to prevent the trial from proceeding.

*Stewart*, 915 F.2d at 577 (citing *Apostol*, 870 F.2d at 1339).

        In applying these principles to Plaintiffs' Motion, the Court must determine if Defendant

Gonzales' and the Defendant Officers' interlocutory appeals from the denial of their motions for

summary judgment are frivolous, thus allowing the Court to proceed with a trial on Plaintiffs'

claims.

## III.    DISCUSSION

### A.    Defendant Gonzales' Appeal

In Defendants' consolidated response to Plaintiffs' Motion, Defendant Gonzales

argues that his appeal "raises important abstract legal issues relating to the defense of qualified immunity . . ." Defs.' Response at 11.  As an example of the contentions he has raised on appeal, Defendant Gonzales notes that he challenges the Court's conclusions pertaining to his supervisory liability for the acts of his subordinates.  *Id*. at 11-12.  These contentions are further developed in Defendant Gonzales' appellate briefing, where he argues that Plaintiffs' facts, "even taken as true, are insufficient to establish the requisite 'affirmative link'" to establish supervisory liability.  Brief of Appellant at 43, *Buck v. City of Albuquerque*, No. 07-2118 (10th Cir. July 3, 2007).  Elsewhere in his appellate briefing, Defendant Gonzales challenges the Court's findings pertaining to his liability for interfering with Plaintiffs' First Amendment rights to freedom of speech.  He observes that Plaintiffs' facts, "even taken as true, do not remotely suggest a retaliatory motive" as required to establish a constitutional violation.  *Id*. at 49.  It is clear from Defendant Gonzales' briefing that his appeal "is based on the argument that, even under the plaintiff's version of the facts, [he] did not violate clearly established law," and so his appeal falls into the category of qualified immunity rulings that is immediately appealable. *Martin*, 195 F.3d at 1214.  Accordingly, there is no basis for the Court to certify Defendant Gonzales' appeal as frivolous.

> **B.**   **Defendant Officers' Appeals**

The Defendant Officers assert that certain Plaintiffs "did not witness Defendant Officers' use of tear gas or pepper ball rounds," and that the Court erred in its decision that these Plaintiffs had presented evidence that they suffered injuries that would chill them from continuing to engage in the anti-war protest.  Specifically, the Defendant Officers contend that three Plaintiffs, Alma Silva-Banuelos, Christina Maya Trafton, and Curtis Trafton, "failed to allege or submit

any evidence which shows that Defendant Officers' use of tear gas caused [them] to suffer an injury which chilled their continued participation in the anti-war protest." Defs.' Response at 9. Likewise, the Defendant Officers argue that all of the Plaintiffs "failed to allege or submit any evidence which shows that Officer Perdue's use of pepper ball rounds caused any of the Plaintiffs to suffer an injury which chilled their continued participation in the anti-war protest," and that Plaintiffs Buck, Silva-Banuelos, Doyon, Eaton, Haney, Lisa Kisner, Leckman, Schuurman, Christina Maya Trafton, and Curtis Trafton "failed to allege or submit any evidence which shows that Officer Fisher's use of pepper ball rounds" against Plaintiffs Chavez and Michael Kisner caused these ten Plaintiffs "to suffer an injury which chilled their continued participation in the anti-war protest." *Id*. at 10-11.

It is clear from the Defendant Officers' briefing that their appeals contest only the sufficiency of the evidence offered by Plaintiffs in response to the Defendant Officers' factual assertions, and thus do not fall into the category of qualified immunity rulings that are immediately appealable. *Garrett v. Stratman*, 254 F.3d 946, 954 (10th Cir. 2001) (where defendant official argued on appeal that "the district court erred in denying summary judgment on the grounds that [plaintiff] 'did not allege, or submit any evidence, that [defendant] was responsible for the delay in his transfer' and that [plaintiff] 'failed to submit any evidence that the delay in surgery caused any harm,'" the Tenth Circuit stated that such arguments "strike [the court] as precisely the kind of 'evidence sufficiency' issues [the court] must decline to address at this juncture"); *Melessa v. Randall*, 121 F. A'ppx. 803, *3 n.1 (10th Cir. 2005) (citing *Johnson*, 515 U.S. at 307, for the proposition that interlocutory appeal was not available because police officer's argument that "she is entitled to summary judgment because there is no evidence" on an

issue "contests the sufficiency of the evidence on which the District Court found a genuine issue of material fact to exist"); *see also McGraw v. Madison Tp.*, 2007 WL 1091950, slip op. at *3 (6th Cir. April 12, 2007) ("This court lacks jurisdiction to hear the appeals of Officers Byers, Boerner, and Ackerman because they raise only the issue of the sufficiency of the evidence.  The three officers argue that the district court failed to consider each officer's liability individually, and that, had the district court done so, the court would have found that there was no evidence that certain officers were involved in certain of the counts in the complaint.  Such an argument appears most clearly to challenge whether sufficient evidence supports the facts alleged by plaintiff").

Moreover, the Defendant Officers' selective citation to the record is misleading.  For example, though the Defendant Officers are correct that Plaintiff Curtis Trafton did not dispute the fact that he was not located in the area immediately surrounding the intersection of Central Avenue and Cornell Drive, this does not mean that Plaintiff Curtis Trafton failed to submit evidence that the Defendant Officers' use of tear gas caused him to suffer an injury which chilled him from continuing to participate in the anti-war protest.  As noted very clearly in the Court's opinion on the parties' summary judgment motions, Plaintiff Curtis Trafton stated in his deposition that he was exposed to tear gas and that he was frightened by its deployment, so much so that he left the protestors' march and searched for his family so that they could depart from the demonstration.  April 11, 2007 Memorandum Opinion and Order at 34.  In addition, because there was evidence that either Defendant Officer Fisher or Defendant Officer Perdue was the police officer who shot Plaintiffs Chavez and Michael Kisner with pepper ball rounds, the Court concluded that a genuine issue of material fact exists as to the identity of the police officer who

8

did the shooting.  A number of Plaintiffs, including Plaintiffs Gilster, Schuurman and Wechselberger, witnessed either Defendant Officer Fisher or Defendant Officer Perdue fire pepper ball rounds at Plaintiffs Chavez and Michael Kisner, and proffered evidence of the chilling effect the action had on them.  *See e.g.*, April 11, 2007 Memorandum Opinion and Order at 32 (noting that Plaintiff Schuurman witnessed a police officer fire pepper ball rounds, and that Plaintiff was frightened).  Because Plaintiffs have indeed presented evidence supporting the allegations which the Defendant Officers contend are unsupported, and because the Defendant Officers' appeal only contests the Court's determinations on the sufficiency of the evidence, there appears to be no proper basis for the Defendant Officers to appeal the Court's denial of summary judgment.  Nonetheless, the Court declines to certify the Defendant Officers' appeal as frivolous.

Though the Tenth Circuit will likely decide that it lacks jurisdiction to consider the Defendant Officers' appeals, the Court concludes that even if the Court were to certify the Defendant Officers' appeals as frivolous and retain jurisdiction over those claims, it would be impractical to proceed immediately to trial on Plaintiffs' claims against the Defendant Officers only.  Because there are overlapping issues, evidence, and witnesses between Plaintiffs' claims against Defendant Gonzales and the Defendant Officers, and given Plaintiffs' earlier opposition to bifurcation of this case, the Court finds that judicial economy will be maximized by awaiting the Tenth Circuit's disposition of both appeals before conducting a trial.  Accordingly, the Court will deny Plaintiffs' Motion.

**IT IS THEREFORE ORDERED** that:

Plaintiffs' Motion for District Court Certification of Defendants' Interlocutory Appeals as Frivolous (Doc. No. 225) is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

10