# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LYNN BUCK, et al.,

       Plaintiffs,

  vs.                                     No. CV 04 - 1000 WPJ/DJS

CITY OF ALBUQUERQUE et al,

       Defendants.

## <u>PLAINTIFFS' AMENDED PROPOSED<br>STOCK AND NON-STOCK JURY INSTRUCTIONS</u>

Respectfully submitted,

Carolyn M. "Cammie" Nichols
Rothstein, Donatelli, Hughes, Dahlstrom,
Schoenburg & Bienvenu, LLP
500 4th Street, NW, Suite 400
Albuquerque, New Mexico  871002
(505) 243-1443

Mary Louise Boelcke
PO Box 31033
Albuquerque, NM 87190-1033
(505) 804-1632

Lawrence B. Kronen
3201 4th St NW
Albuquerque, NM 87107-1321
(505) 244-1101

/s/ Philip B. Davis
Philip B. Davis
Co-Legal Director ACLU of New Mexico
814 Marquette N.W.
Albuquerque, N.M.  87102
(505) 242-1904

David Stotts
817 Gold Ave SW
Albuquerque, NM 87102-3014

(505) 242-1933

Cindy Marrs
1506 Vista Larga Ct NE
Albuquerque, NM 87106-2646
(505) 908-7525

George Bach
Bach & Garcia LLC
300 Central SW, Suite 2000 East
Albuquerque, New Mexico 87102
(505) 899-1030

Brendan Egan
Staff Attorney, ACLU-NM
P.O. Box 566 Albuquerque, NM 87103
(505) 243-0046

I hereby certify that on this 5th day of February, 2010, I  filed the foregoing electronically
through the CM/ECF system, which caused the following parties or counsel to be served by
electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Kathryn C. Levy | Jerry A. Walz |
| Assistant City Attorney | Walz & Associates |
| P.O. Box 2248 | 12009 N. Hwy. 14 |
| Albuquerque, NM 87103 | Cedar Crest, NM 87008 |
| Klevy@cabq.gov | jerryawalz@walzandassociates.com |

Luis Robles
Terri Beach
Robles, Rael, and Anaya, P.C.
500 Marquette NW Suite 700
Albuquerque, NM 87102
luis@roblesrael.com

 /s/ Philip B. Davis
PHILIP B. DAVIS

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 1**

A proximate cause of injury is that which in a natural and continuous sequence produces the injury, and without which the injury would not have occurred. It need not be the only cause, nor the last nor nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.

___Given

___Refused

___Withdrawn

*Hon. William P. Johnson's Stock Inst.*
*Proximate Cause (A) (without independent or intervening cause)*
*NM UJI 13-305*

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 2

The testimony of a public official is entitled to no special or exclusive sanctity. An official who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. In the case of police department officers you should not believe them merely because they are police department officers. You should recall their demeanor on the stand, their manner of testifying and the substance of their testimony. You should weigh and balance their testimony just as carefully as you would the testimony of any other witness. People employed by the government, including police department officers do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight on that basis alone.


___Given

___Refused

___Withdrawn

Collopy v. City of Hobbs, No. CIV 00-807 WJ/LFG (Court's Instructions to Jury, 7/3/03) (Doc. 177), No. 20

Jaramillo v. Bencomo, CV 90-044 (6th Jud. Dist., Grant County, N.M.)(Vesely, J.)(8/1/93)(modified)

Lopez v. House, No. CIV 87-1261 JB (D.N.M. 4/89)(modified)

Stewart v. Donges, No. CIV 87-0476 JC (D.N.M. 11/22/88), rev'd on other grounds, 915 F.2d 72 (10th Cir. 1990)(modified)

Salazar v. Rodriguez, No. CIV 80-049 JB (D.N.M. 1981)(modified)

Corriz v. Naranjo, No. CIV 77-448 M, aff'd on other grounds, 667 F.2d 892 (10th Cir. 1981), cert. dism. 458 U.S. 1123 (1982)

Buck v. City of Albuquerque - Plaintiff's Requested Jury Instructions
2/5/10
page 4

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 3**

The right of American citizens to criticize public officials and polices and to advocate peaceably ideas for change is the central meaning of the First Amendment.

First Amendment cases should be considered against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include verbal attacks on government and public officials.

Criticism of public officials does not lose its constitutional protection merely because it is effective criticism and hence diminishes the reputation of the public officials.

___Given

___Refused

___Withdrawn

Collopy v. City of Hobbs, No. CIV 00-807 WJ/LFG (Court's Instructions to Jury, 7/3/03) (Doc. 177), No. 13  (modified)

Buck v. City of Albuquerque - Plaintiff's Requested Jury Instructions
2/5/10
page 5

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 4**

The right of an American citizen to criticize public officials and policies and to advocate peacefully ideas for change is the central meaning of the First Amendment.

___Given

___Refused

___Withdrawn

Collopy v. City of Hobbs, No. CIV 00-807 WJ/LFG (Court's Instructions to Jury, 7/3/03) (Doc. 177), No.13 (MODIFIED)

**PLAINTIFFS' REQUESTED INSTRUCTION NO.  5**

**(INTENT TO COMMIT ACTS)**

A Plaintiff is not required to prove that Defendant intentionally deprived him of his Constitutional rights. Rather, the Plaintiff only needs to prove that Defendant intentionally committed acts or omissions, and that such acts or omissions resulted in violations of the Plaintiff's constitutional rights.

\_\_\_Given

\_\_\_Refused

\_\_\_Withdrawn

Fogarty v. Gonzales, No. CV-05-0026 WJ/LFG (Court's Jury Instructions, Docket No. 265) (modified)

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 6

## (EXCESSIVE FORCE)

Plaintiff Camille Chavez claims that Defendants Fisher and Gonzales used excessive force against her.  Plaintiffs Denis Doyon and Michael Kisner claim that Defendant Gonzales caused excessive force to be used against them.

Your verdict must be for a Plaintiff and against a Defendant on the Plaintiff's excessive force claim if the Plaintiff proves each of the following against that Defendant by a preponderance of the evidence:

1. The Plaintiff suffered some harm.

2. The harm resulted from the Defendant's use of force that was excessive because it was not reasonably necessary.

3. The acts or omissions of the Defendant were intentional.

4. That in so doing the Defendant acted "under color" of law.

5. That the Defendant's acts or omissions were the legal cause of the Plaintiff's damages.

The Plaintiffs are not required to prove that Defendants unlawfully arrested them in order to succeed on this claim. In this case the parties have agreed that the Defendants acted "under color" of law and you must accept that fact as proven.

In considering these Plaintiffs' claims you should understand that every person has the constitutional right not to be subjected to unreasonable or excessive force while being detained or

arrested by law enforcement officers, even if the arrest is otherwise proper. However, in making a lawful arrest, an officer has the right to use such force as is necessary under the circumstances to complete the arrest. You must determine whether the force used in making the detention or arrest of each of these Plaintiffs was unnecessary, unreasonable, or excessive. The force used in making an arrest is unnecessary, unreasonable, or excessive if the officer exceeded that amount of force which a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances.

The reasonableness of the arresting officers' use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The reasonableness inquiry in an excessive force case is an objective one: the question is whether the arresting officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation.

Evil intentions on the part of an officer will not establish a constitutional violation if the officer used an objectively reasonable amount of force.  At the same time, if the force used was objectively unreasonable, it is unconstitutionally excessive force even if the officer had good intentions.

If you find that a Plaintiff has not proved any of the above elements as to a particular Defendant by a preponderance of the evidence, you must find for that Defendant.

___Given
___Refused
___Withdrawn

<u>Buck v. City of Albuquerque</u> - Plaintiff's Requested Jury Instructions
2/5/10
page 9

<u>Fogarty v. Gonzales</u>, No. CV-05-0026 WJ/LFG (Court's Jury Instructions, Docket No. 265)(modified); <u>Chavez v. Lehocky</u>, No. CIV -00-307 WJ/KM (Court's Jury Instructions, Docket No. 174) (4/24/03) (modified)

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 7**

**(EXCESSIVE FORCE-ALTERNATIVE)**

Plaintiff Camille Chavez claims that Defendants Fisher and Gonzales violated her constitutional rights when they used excessive force upon her. Plaintiffs Denis Doyon and Michael Kisner claim that Defendant Gonzales violated their constitutional rights when he caused excessive force to be used by his subordinate officers in the course of their arrests. As a result of the Defendants' actions, the Plaintiffs claim that they suffered injuries for which they seeks damages.

The Defendants deny that any of their actions violated the Plaintiffs' constitutional rights. The Defendants claims that they were acting with probable cause and did not use excessive or unnecessary force upon the Plaintiffs. The Defendants further claim that they are not at fault and engaged in no wrongdoing in regard to the incident sued upon.

Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this court by way of damages against any person who, under color of law, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove his or her claim under this statute, a Plaintiff must establish by a preponderance of the evidence each of the following elements:

(1) the Defendant intentionally committed acts which operated to deprive the Plaintiff of a right secured by the Constitution of the United States;

(2) the Defendant acted under color of law;

(3) the Defendant's acts were the proximate or legal cause of the Plaintiff's damages.

In this case you are instructed that the Defendants were acting under color of law at the time of the acts complained of.

The Plaintiffs claim that the Defendants used excessive force in arresting them. United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution. In order to prove that a Defendant used excessive force in violation of the Fourth Amendment, the Plaintiff must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If the Plaintiff fails to prove any one of these elements against a Defendant, you must find for that Defendant.

This reasonableness inquiry is an objective one: the question is whether the officer(s)' actions are objectively reasonable in light of the facts and circumstances confronting him (them), without regard to his (their) underlying intent or motivation.

Evil intentions on the part of an officer will not establish a constitutional violation if the officer used an objectively reasonable amount of force.  At the same time, if the force used was objectively unreasonable, it is unconstitutionally excessive force even if the officer had good

intentions.

If you find that a Plaintiff has proven his or her claim, you must then consider the Defendant(s)' defense that his (their) conduct was objectively reasonable and that the defendant(s) is (are) therefore not liable.


___Given

___Refused

___Withdrawn

*Fifth Circuit* 10.2 ALTERNATIVE EXCESSIVE FORCE SECTION 1983 JURY CHARGE (modified)**;** Chavez v. Lehocky, No. CIV 00-307 WJ/KBM (Court's Jury Instructions, Docket No. 174) (4/24/03) (modified); Graham v. Connor, 490 U.S. 386, 396 (1989); Fisher v. City of Las Cruces, 584 F.3d 888, 895 (10th Cir. 2009); Casey v. City of Fed. Heights, 509 F.3d 1278, 1281 (10th Cir. 2007)

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 8

Some of the things you may consider in determining whether a Defendant used excessive force, or as to Defendant Gonzales, caused excessive force to be used, are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officers, (5) the severity of the alleged crime at issue, and (6) any efforts made to temper the severity of a forceful response.

You are instructed as a matter of law that a misdemeanor is not a "severe" crime.

___Given

___Refused

___Withdrawn

*Fifth Circuit* 10.2 ALTERNATIVE EXCESSIVE FORCE SECTION 1983 JURY CHARGE (modified)**;** Chavez v. Lehocky, No. CIV 00-307 WJ/KBM (Court's Jury Instructions, Docket No. 174) (4/24/03) (modified); Graham v. Connor, 490 U.S. 386, 396 (1989); Fisher v. City of Las Cruces, 584 F.3d 888, 895 (10th Cir. 2009); Casey v. City of Fed. Heights, 509 F.3d 1278, 1281 (10th Cir. 2007)

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 9**

Standing alone, the violation of departmental policy, standard police operating procedures or police training during a use of force incident is insufficient to support a finding that a Defendant used excessive force, or in the case of Defendant Gonzales, that he caused another officer to use excessive force.  However, you may consider any such violations in deciding whether the actions of the Defendants charged with using excessive force, or in the case of Defendant Gonzales, with causing another officer to use excessive force, were objectively reasonable.

___Given

___Refused

___Withdrawn

Chavez v. Lehocky, No. CIV 00-307 WJ/KBM (Court's Jury Instructions, Docket No. 174) (4/24/03) (modified)

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 10**

It is not necessary to find that a Defendant had any specific intent to deprive a Plaintiff of his or her constitutional rights in order to find in favor of that Plaintiff.  The Plaintiff is entitled to relief if the Defendant's conduct was willful or wanton or if the Defendant acted recklessly or intentionally, or with callous or deliberate disregard of or indifference to the Plaintiff's constitutional rights.

___Given

___Refused

___Withdrawn

Clark v. Trujillo, et al., CIV 97-1157 LH/DJS (Court's Jury Instructions, 6/24/99)

Trujillo v. Stroud, No. CIV. 86-0668 JB (D.N.M. 1988)

Stewart v. Donges, No. CIV. 97-0476 JC (D.N.M. 11/22/88), rev'd on other grounds, 915 F.2d 572 (10th Cir. 1990)

Parratt v. Taylor, 451 U.S. 527 (1981)

Mckay v. Hammock, 730 F.2d 1367, 1373 (10th Cir. 1984)

Tennessee v. Garner, 471 U.S. 1 (1985)

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 11**

**(Intent)**

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.

If you find that defendant intended acts, the natural consequence of which would result in a violation of plaintiff's constitutional rights, then you may infer that defendant intended to violated those constitutional rights.

An act is reckless if done in conscious disregard of its known probable consequences. Reckless conduct is the intentional doing of an act or failure to act with utter indifference to the consequences.


___Given

___Refused

___Withdrawn


Clark v. Trujillo, et al., CIV 97-1157 LH/DJS (Court's Jury Instructions, 6/24/99)

Modern Federal Jury Instructions, Nos. 87-74, 87-76, 87-77

Maine v. Thiboutot, 448 U.S. 1 (1980)

Martinez v. California, 444 U.S. 277 (1980)

Baker v. McCollan, 443 U.S. 137 (1979)

Monell v. Dept. of Social Services, City of N.Y., 436 U.S. 658 (1978)

Daniels v. Williams,474 U.S. 327 (1986)

Davidson v. Cannon, 474 U.S. 344 (1986)


Buck v. City of Albuquerque - Plaintiff's Requested Jury Instructions
2/5/10
page 17

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 12**

**(Intent)**

If you find that the natural consequences of a Defendant's intended acts amounted to a violation of a Plaintiff's constitutional rights, then you may infer that that Defendant intended to violate those constitutional rights.

Whether a Defendant acted intentionally may be inferred from all of the surrounding circumstances.

___Given

___Refused

___Withdrawn

Clark v. Trujillo, et al., CIV 97-1157 LH/DJS (Court's Jury Instructions, 6/24/99)

Parratt v. Taylor, 451 U.S. 527 (1981)

Gomez v. Toledo, 446 U.S. 635 (1980)

Tennessee v. Garner, 471 U.S. 1 (1985)

Pierson v. Ray, 386 U.S. 547 (1967)

Wise v. Bravo, 666 F.2d 1328 (10th Cir. 1981)

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 13**

**(Indirect evidence)**

The Plaintiff is not required to produce direct proof of retaliatory motive.  Because retaliatory motive is rarely provable with direct evidence, the Plaintiff may present circumstantial or indirect evidence of a retaliatory intent.

___Given

___Refused

___Withdrawn

Collopy v. City of Hobbs, No. 01-2000, 2001 WL 1647314, at *7 (10th Cir., N.M.)

Bloch v. Ribar, 156 F.3d 673, 682 (6th Cir. 1998)

Buck v. City of Albuquerque - Plaintiff's Requested Jury Instructions
2/5/10
page 19

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 14

## (INDIVIDUAL LIABILITY OF SUPERVISOR - 1983)

In addition to their claims against Officers Fisher, Hancock, Lopez and Perdue and Sgt. Hill, whom the Plaintiffs claim violated their constitutional rights, the Plaintiffs are suing these Defendants' superior officer, Captain Gonzales. To recover against Captain Gonzales, a Plaintiff must show that he directed or set in motion a series of events that he knew or reasonably should have known would cause his subordinate officers, including but not limited to the Defendant officers listed above, to deprive Plaintiffs of their constitutional rights.

A superior officer can set a series of events in motion if he participates in them directly, or directs them, or exercises control over the events in question by holding a tight rein on his subordinate officers' actions such as by limiting them from taking independent action unless they received specific directions from him, or he has personal knowledge of unconstitutional actions and agrees to their continuation.

___Given

___Refused

___Withdrawn

*Fifth Circuit* 10.3 CIVIL RIGHTS—42 USC SECTION 1983 (SUPERIOR OFFICERS AND MUNICIPALITIES)(modified)

Buck v. City of Albuquerque, 10th Cir. No. 07-2118 (Slip Op. (12/9/08), at 16-17, 31, 33, *citing inter alia,* Snell v. Tunnell, 920 F.2d 673, 700 (10th Cir. 1990), *and* Fogarty v. Gallegos, 523 F.3d 1147, 112 (10th Cir. 2008).

**PLAINTIFFS' REQUESTED INSTRUCTION NO. 15**

**(Malicious Abuse of Process – "Active Participation" defined)**

In this case, Plaintiffs Alma Rosa Silva-Banuelos, Denis Doyon and Michael Kisner have claimed that Captain Gonzales actively participated in bringing the judicial proceedings against them. A person actively participates in bringing a judicial proceeding if his conduct is the determining factor in the decision to file criminal charges against a Plaintiff. Merely providing encouragement, advice or information is not enough.

You may find that Captain Gonzales actively participated in bringing the judicial proceedings if you find that he urged or insisted that they be brought knowing them to be false.

UJI Civ. 13-1638 and Committee Commentary; <u>Valles v. Silverman</u>, 2004-NMCA-019, 135 N.M. 91, 84 P.3d 1056, ¶¶ 16-17

## PLAINTIFFS' REQUESTED INSTRUCTION NO. 16

### (PRETEXT)

"Pretext" means a purpose or motive alleged in order to cloud or hide the real intention or state of affairs.

There will rarely be direct evidence available to prove improper motive and pretext as there will seldom be eye witness testimony as to the defendant's mental process. A plaintiff may show pretext through indirect, circumstantial evidence which gives rise to an inference of improper motive.

Pretext may be shown by evidence that the defendant has given inconsistent, evasive or contradictory or unbelievable explanations for his actions.

Should you find that the reasons given by defendant for his actions complained of by plaintiff are a pretext and that the plaintiff's exercise of his or her first amendment rights was a motivating factor in defendant's actions, then you should find for that plaintiff on this issue and enter a verdict in his or her favor on this claim.

___Given

___Refused

___Withdrawn

Collopy v. City of Hobbs, No. CIV 00-807 WJ/LFG (Court's Instructions to Jury, 7/3/03) (Doc. 177), No. 15

<u>Gonzales v. Jemez Mtn. Sch. Dist. Bd. of Ed.</u>, No. CIV 89-1011-M (Court's Instruction to Jury No. 17 (10/28/92)) (modified)

<u>Bishopp v. District of Columbia</u>, 788 F.2d 781, 785-86, 788-89 (D.C. Cir. 1986) (citation omitted)

<u>Pitre v. Western Electric Co.</u>, 843 F.2d 1262, 1266 (10th Cir. 1988)

<u>Cooper v. Asplundth Tree Expert Co.</u>, 836 F.2d 1544, 1547 (10th Cir. 1988)