# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

LYNN BUCK, CAMILLE CHAVEZ, DENIS DOYON,
BRIAN HANEY, ALICIA KISNER, LISA KISNER,
MICHAEL KISNER, SUSAN SCHUURMAN, ALMA
ROSA SILVA-BANUELOS, CHRISTINA MAYA TRAFTON,
& CURTIS TRAFTON,

       Plaintiffs,

     vs.                              No. CV 04 - 1000 WPJ/DJS

CITY OF ALBUQUERQUE, CAPTAIN JOHN GONZALES,
ALBUQUERQUE POLICE OFFICERS MICHAEL FISHER,
ALLEN S. HANCOCK, SGT. STEVE HILL, CHARLES LOPEZ,
and JAMES PERDUE, in their individual capacities,

       Defendants.

### Court's Proposed Instructions
February 19, 2010
(following informal jury instruction conference on 2/17)

     Feb. 17, 2010: The Court filed an initial set of Court's Proposed Instructions on 2/16/2010.  *See* Doc. 349.  The instant set is a result of the Court's previous rulings on the parties' initial objections to their respective objections (which can be found in Doc. 340), together with the Court's rulings following an informal jury instruction conference held on February 17, 2010.

     Feb. 19, 2010: As of 2/19, this set also includes edits stipulated by the parties in an e-mail to the Court.

INSTRUCTION NO.

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

*General Instructions for Charge*

Court stock - Stipulated

2

INSTRUCTION NO.

The law of this case is contained in these instructions and it is your duty to follow them.

You must consider these instructions as a whole, not picking out one instruction, or parts thereof, and disregarding others.

From UJI Civ. 13-2002, NMRA

Stipulated

INSTRUCTION NO.

You are the sole judges of all disputed questions of fact in this case. It is your duty to determine the true facts from the evidence produced here in open court. Your verdict should not be based on speculation, guess or conjecture. You are to apply the law, as stated in these instructions, to the facts as you find them and, in this way, decide the case. Neither sympathy nor prejudice should influence your verdict.

FROM UJI Civ 13-2005, NMRA (2010)

Stipulated

INSTRUCTION NO.

It is a general rule in civil cases that a party seeking a recovery has the burden of proving every essential element of the claim by the greater weight of the evidence. To prove by a preponderance of the evidence means to establish that something is more likely true than not true.

When I say that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true.  Evenly balanced evidence is not sufficient.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

 BURDEN OF PROOF WHEN ONLY PLAINTIFF HAS BURDEN

*NM UJI 13-304 (substituting "preponderance" for "greater weight" and Fifth Cir. Pattern Civ. Jury Instr. 2.20 (1999) (portion & modified)*
Stipulated

INSTRUCTION NO.

This case should be considered and decided by you as an action between persons of equal

standing in the community, of equal worth, and holding the same or similar stations in life. All

persons stand equal before the law, and are to be dealt with as equals in a court of justice.

Stipulated (from *Fogarty v. Gonzales*, No. Civ. 05-0026 (Doc. 265, Court's jury instructions)

INSTRUCTION NO.

Unless I tell you otherwise, you should consider each instruction given to apply separately and individually to each Plaintiff and to each Defendant in the case.

*Fogarty v. Gonzales*, No. CV-05-0026 WJ/LFG (Court's Jury Instructions, Docket No. 265)(modified - inserting "each" before Plaintiff in place of "the")
Stipulated

INSTRUCTION NO.

STATEMENT OF PLAINTIFF'S CLAIMS

In this trial, Plaintiffs seeks compensation from Defendants Captain John Gonzales, Officer  Michael Fisher, Officer Allen S. Hancock, Sgt. Steven Hill, Officer Charles Lopez, and Officer James Perdue for damages that they claim they suffered when Defendants violated their rights to free expression and assembly, unlawfully arrested them, used excessive force against them, prosecuted them in retaliation for the exercise of their constitutional rights and in violation of their First and Fourth Amendments rights, and committed the torts of battery, [false imprisonment] and malicious abuse of process against them.

Specifically, Plaintiffs bring civil rights claims against Captain John Gonzales, Sgt. Steven Hill and Officers Michael Fisher, Allen S. Hancock, Charles Lopez, and James Perdue arising out of the First and Fourth Amendments to the United States Constitution.

All Plaintiffs claim that Captain Gonzales, Sgt. Hill and Officers Fisher, Hancock, Lopez and Perdue unlawfully violated their First Amendment rights to free expression and assembly.

Plaintiffs Denis Doyon, Michael Kisner, and Alma Rosa Silva-Banuelos claim that Captain Gonzales unlawfully caused them to be arrested in violation of their Fourth Amendment rights.

Plaintiff Camille Chavez claims that Officer Fisher used excessive force in the course of her arrest and in violation of her constitutional rights.

Plaintiffs Chavez, Doyon and Michael Kisner claim that Captain Gonzales caused excessive force to be used against them in the course of their arrest and in violation of their constitutional rights.

Plaintiffs Doyon, Michael Kisner, and Silva-Banuelos claim that Captain Gonzales

8

prosecuted them in retaliation for the exercise of their First Amendment rights.

Plaintiff Silva-Banuelos claims that Captain Gonzales maliciously prosecuted her in violation of her Fourth Amendment rights.

Plaintiffs also bring claims for damages under state tort law.

All Plaintiffs except Alma Rosa Silva-Banuelos claim that Sgt. Hill and Officers Fisher, Hancock,  Lopez and Perdue committed battery against them.

All Plaintiffs claim that law enforcement officers employed by the City of Albuquerque committed battery against them.

Plaintiffs Doyon, Kisner, and Silva-Banuelos claim that Captain Gonzales committed the tort of malicious abuse of process by initiating criminal proceedings against them.

Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner, and Denis Doyon claim that law enforcement officers employed by the City of Albuquerque falsely imprisoned them under state law.

Defendants deny Plaintiffs' claims.


From: N.M. U.J.I. 13-302A (modified); Plaintiffs' 2nd Amended Complaint (modified).

Stipulated, w/ minor changes made at informal conference on February 17, 2010.

9

INSTRUCTION NO.

DEFENDANTS' DEFENSES

Defendants deny Plaintiffs' claims that they violated Plaintiffs' constitutional rights or committed certain state law tort claims against them.  Specifically, Defendants contend that:

1.     With regard to Alma Rosa Silva-Banuelos', Denis Doyon's, and Michael Kisner's Fourth Amendment wrongful seizure and arrest claims, Captain Gonzales contends that the officers who arrested these Plaintiffs had probable cause to believe that they had committed a crime, making their arrests legal;

2.     With regard to Camille Chavez's Fourth Amendment excessive force claim, Officer Fisher contends he did not strike Camille Chavez with a pepperball round.  Moreover, Officer Fisher contends his use of pepperball rounds was objectively reasonable under the circumstances;

3.     With regard to Camille Chavez's, Denis Doyon's, and Michael Kisner's Fourth Amendment excessive force claims, Captain Gonzales contends that his use of tear gas was objectively reasonable under the circumstances;

4.     With regard to all named Plaintiffs' First Amendment suppression of rights to freedom of expression and assembly under the First Amendment, Captain Gonzales, Officer Hancock, Sgt. Hill, Officer Lopez, Officer Fisher, and Officer Perdue contend that their actions were not motivated as a response to the protestors' opinions which they expressed on March 20, 2003, the protestors' opposition to the U.S. war against Iraq, or the protestors' statements directed against the officers.  Instead, these Defendant Officers' contend their actions were motivated solely by their duty to enforce the laws of the State of New Mexico and the ordinances of the City of Albuquerque.

10

5.      With regard to Alma Rosa Silva-Banuelos', Denis Doyon's, and Michael Kisner's First Amendment retaliatory prosecution claims, Captain Gonzales contends that the officers who filed criminal charges against these Plaintiffs had probable cause to believe that they violated state law or city ordinances, justifying the filing of criminal charges against them;

6.      With regard to Alma Rosa Silva-Banuelos' Fourth Amendment malicious prosecution claim, Captain Gonzales contends that the officers who filed criminal charges against Alma Rosa Silva-Banuelos had probable cause to believe that she violated state law or city ordinances, justifying the filing of criminal charges against her;

7.      With regard to Alma Rosa Silva-Banuelos', Michael Kisner's, and Denis Doyon's state law false imprisonment claims, the City of Albuquerque contends that these Plaintiffs' arrests were supported by probable cause to believe that they had committed a crime, making their arrests legal;

8.      With regard to all the Plaintiffs' state law battery claims, Officer Fisher, Officer Hancock, Sgt. Hill, and Officer Lopez contend that their use of force (the tear gas and pepperball rounds) was objectively reasonable under the circumstances; and

9.      With regard to all the Plaintiffs' state law battery claims, the City of Albuquerque contends its law enforcement officers' use of force was objectively reasonable under the circumstances; and,

10.      With regard to Alma Rosa Silva-Banuelos', Denis Doyon's, and Michael Kisner's state law malicious abuse of process claims, Captain Gonzales and the City of Albuquerque contend that they had probable cause to believe that these Plaintiffs violated state law and  city ordinances, justifying the filing of criminal charges against them.

11

UJI Civ. 13-302C, NMRA (2010) (modified) (statement of denial and affirmative defense(s)).

Stipulated

INSTRUCTION NO.

(42 U.S.C. Section 1983)

Section 1983 of Title 42 of the United States Code, the Federal Civil Rights Act under which Plaintiffs bring this suit, was enacted by Congress to enforce the United States Constitution. This statute provides that a person may seek damages in this Court against any individual who, under color of any state law or custom, deprives such person of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

You are instructed as a matter of law that:

(a)     Under the First Amendment of the Constitution of the United States every citizen has a right to free expression and to peaceably assemble and to exercise those rights without being subject to retaliation from government officials;

(b)     Under the Fourth Amendment of the Constitution of the United States every citizen has the right to his or her liberty, that is, the right not to be arrested without probable cause; and

(c)     Under the Fourth Amendment of the Constitution of the United States every person also has the constitutional right to be free from unreasonable force before or during an arrest.

*Fogarty v. Gonzales*, No. CV-05-0026 WJ/LFG (Court's Jury Instructions, Docket No. 265)(modified to include First Amendment claims)
*Collopy v. City of Hobbs*, No. CIV 00-807 WJ/LFG (Court's Instructions to Jury, 7/3/03) (Doc. 177), No. 4 (modified)
STIPULATED

Defts submit a separate § 1983 instruction (Defts' Requested No. 1), to which Ptlffs objects. The Court sustains that objection, and rejects Defts' Requested No. 1, which reads:

To establish their claims under 42 U.S.C. § 1983, Plaintiffs must prove all of the following four elements by a preponderance of the evidence:

13

First:  that Defendants acted "under color" of the authority of the State of New Mexico;
Second: that Defendants personally participated in the actions taken against Plaintiffs;
Third:  that Defendants' actions taken against Plaintiffs were intentional; and
Fourth:  that Defendants' actions were the proximate cause of Plaintiffs' damages.
I will explain each of these elements to you.

The Court agrees that the language in Defts' requested No. 1 is largely unnecessary because parties have stipulated to Defts' acting "under color" of law (language which is elsewhere in these instructions) and because there is language in these instructions regarding what is meant by "intentional."  However, the Court does not agree with Plaintiffs' statement that the phrase "personal participation" by a deft is not required for § 1983 cases.  Nor does the 10th Cir. decision, *Buck v. City of Abq.*, 549 F.3d 1269, 1279-80 (10th Cir. 2008) support Pltffs' inference that "personal participation" is unnecessary by a deft in a § 1983 claim – that case addressed *direct* participation, which is not the same thing.  A deft may be held liable for *causing* a constitutional deprivation – but personal participation is still necessary in causing that deprivation.  Nonetheless, Defts' requested instruction no. 1 is unnecessary and will not be given.

14

INSTRUCTION NO.

The evidence which you are to consider in this case consists of the testimony of the witnesses and the exhibits admitted into evidence by the court.

The production of evidence in court is governed by rules of law. From time to time it has been my duty, as judge, to rule on the evidence. You must not concern yourselves with the reasons for these rulings, or what would or would not have been the answers to the questions which I ruled could not be answered.

*Admissibility of Evidence*

*NM UJI 13-307*

Stipulated

15

INSTRUCTION NO.

Although there is more than one Plaintiff in this action, it does not follow from that fact alone that if one is entitled to recover, another is entitled to recover.  The rights of the various Plaintiffs in this lawsuit are separate and distinct, and you should decide the issues as if each Plaintiff had brought a separate lawsuit.

In this connection, you will note that some of the instructions apply to one Plaintiff, while other instructions apply to all Plaintiffs.

*Multiple Plaintiffs*

*UJI 13-115*

Stipulated

INSTRUCTION NO.

Although there is more than one Defendant in this action, it does not follow from that fact alone that if one is liable, any other is liable.  Each Defendant is entitled to fair consideration of his own defense.

You will decide each Defendant's case separately, as if each were a separate lawsuit.

*Multiple Defendants*

*UJI 13-116*

Stipulated

INSTRUCTION NO.

A Defendant in this case is the City of Albuquerque, a municipal corporation.  The City of Albuquerque is entitled to the same fair and unprejudiced treatment as an individual and you should decide the case with the same impartiality as you would use in deciding a case between individuals.

Corporation a party.  The Court's Stock Civil Instructions, Corporation Impartiality (modified for use by a municipal corporation); UJI Civ. 13-114, NMRA (2010)(modified) ; Court's Proposed Jury Instructions, [Docket No. 263.2, p. 10] filed in *Fogarty v. Gallegos*, et al., CIV 05-0026 WPJ/LFG.
Stipulated

INSTRUCTION NO. __

(FIRST AMENDMENT CLAIMS)

Plaintiffs bring a First Amendment claim under § 1983 against Defendants based on their right to free expression and to assembly. As previously explained, the Plaintiffs have the burden to prove that the acts of the Defendants deprived the Plaintiffs of particular rights under the United States Constitution. In this case, Plaintiffs allege that the Defendants deprived them of their rights under the First Amendment to the Constitution when they engaged in public expression in March 2003 in opposition to the U.S. war against Iraq.

Under the First Amendment, a citizen has the right to free expression and to assembly. In order to prove the Defendants deprived the Plaintiffs of this First Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1. the Plaintiffs engaged in expression protected by the First Amendment;

2. the Defendants caused the Plaintiffs to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3. the Plaintiffs' protected speech or exercise of their right to assembly was a substantial [or] motivating factor for the Defendants' action.

I instruct you that Plaintiffs' expression was protected under the First Amendment and, therefore, the first element has been proven.

Original Stipulation; "or" in brackets added by stipulation at 2/17 conference.

INSTRUCTION NO.

~~The right of American citizens to criticize public officials and polices and to advocate peaceably ideas for change is the central meaning of the First Amendment.~~

~~First Amendment cases should be considered against the background of a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include verbal attacks on government and public officials.~~

~~Criticism of public officials does not lose its constitutional protection merely because it is effective criticism and hence diminishes the reputation of the public officials.~~

From Plffs' Requested No. 3, Deft objects. Defts' initial objection to this instruction (as well as objection presented at 2/17 conference) is SUSTAINED and this instruction will not be given. The Court finds that Pltffs' requested No. 4 (following) is sufficient, and that both would be redundant and unnecessary.

INSTRUCTION NO.

The right of an American citizen to criticize public officials and policies and to advocate peacefully ideas for change is the central meaning of the First Amendment.

From Pltff's No. 4

At 2/17 conference, Deft objects finding this unnecessary.  Court overrules objection, finding that this instruction could be helpful to the jury in explaining the basis for the protection, and is not incorrect as a matter of law.

INSTRUCTION NO.

("UNDER COLOR")

~~As for the first element of the Plaintiffs' First and Fourth Amendment claims, there is no dispute in this case that Defendants were acting "under color" of law.~~   [As for the element of the Plaintiffs' First and Fourth Amendment claims that require proof that Defendants were acting "under color of law," there is no dispute.]  Thus, you must find that this element is established.


Stricken language initially stipulated to by parties. At 2/17 conference, Pltff suggested rephrasing to make it apply more correctly to both types of claims.  Deft objected. Court overrules objection, and will give bracketed language.

INSTRUCTION NO.

(PRETEXT)

"Pretext" means a purpose or motive alleged in order to cloud or hide the real intention or state of affairs.

There will rarely be direct evidence available to prove improper motive and pretext as there will seldom be eye witness testimony as to the defendant's mental process.  A plaintiff may show pretext through indirect, circumstantial evidence which gives rise to an inference of improper motive.

Pretext may be shown by evidence that the defendant has given inconsistent, evasive or contradictory or unbelievable explanations for his actions.

Should you find that the reasons given by defendant for his actions complained of by plaintiff are a pretext and that the plaintiff's exercise of his or her first amendment rights was a motivating factor in defendant's actions, then you should find for that plaintiff on this issue and enter a verdict in his or her favor on this claim.


From Pltffs' Requested No. 16.  At 2/17 conference: Defts object to this instruction in light of an instruction requested by Pltff concerning credibility as it relates to public officials (starting with "the testimony of a public official" given later in instructions).  Objection is based on what deft considers undue scrutiny as to credibility of the law enforcement officers.  Court overrules the objection. The later "public official" instruction emphasizes that the testimony of public officials are *not* to be given more or less weight than any other witness.  Thus, the Court does not consider this instruction, coupled with the later instruction, to unduly overemphasize Deft's burden in this case.

INSTRUCTION NO.

(UNLAWFUL ARREST)

Plaintiffs Doyon, Michael Kisner and Silva-Banuelos claim that Captain Gonzales, while acting under color of law, unlawfully caused them to be arrested in violation of their rights under the Fourth Amendment of the Constitution of the United States.

Your verdict must be for a Plaintiff and against Captain Gonzales on that Plaintiff's unlawful arrest claim if that Plaintiff proves each of the following elements by a preponderance of the evidence:

1. That the Plaintiff was arrested.

2. That the acts or omissions of Captain Gonzales in arresting him or her or in causing him or her to be arrested were intentional.

3. That in so doing Captain Gonzales acted "under color" of law.

4. That Captain Gonzales' acts or omissions violated the Plaintiff's right not to be arrested without probable cause.

5. That Captain Gonzales' acts or omissions were the legal cause of the Plaintiff's damages.

If you find that a Plaintiff has failed to prove any one of these elements as to Captain Gonzales by a preponderance of the evidence, then you must find for him on that Plaintiff's unlawful arrest claim.

A Plaintiff is not required to prove that Captain Gonzales intentionally violated his or her constitutional rights. Rather, the Plaintiff only needs to prove that Captain Gonzales intentionally committed acts or omissions that resulted in violations of the Plaintiff's constitutional rights.

24

STIPULATION by parties; no annotations provided.

INSTRUCTION NO.

A police officer's on-the-scene assessment of probable cause provides legal justification for arresting a person suspected of a crime.  Probable cause means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed a crime.

The analysis of probable cause requires a review of the totality of the circumstances.  To determine whether an officer had probable cause to arrest a suspect, you must examine the events leading up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause.

To establish probable cause, proof beyond a reasonable doubt is not required; neither is proof by a preponderance of the evidence.  Instead, probable cause requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.  When determining whether probable cause exists, a police officer is entitled to assess the facts in light of his experience.

The fact that an officer arrested a suspect for a crime that was not supported by probable cause is not relevant, so long as that officer has probable cause to arrest a suspect for another crime.

STIPULATED by parties with their annotations, annotations as follows:

Elements of probable cause.  Court's Proposed Jury Instructions, [Docket No. 263.2, p. 23-24] filed in *Fogarty v. Gallegos, et al.*, CIV 05-0026 WPJ/LFG (modified) . . .*Buck v. City of Albuquerque, No. CIV 04-1000 JAP/DJS (Mem. Op. and Order on Summary Judgment) (Doc. 204)(4/11/07), Slip Op. at 239-40*

   *Fifth Circuit Pattern Jury Instructions (Civil) 10.1 (1998) (modified); United State v. Espinosa, 782 F.2d 888, 890 (10th Cir. 1986); United States v. Hansen, 652 F.2d 1374, 1388 (10th Cir.1981); Illinois v. Gates, 462 U.S. 213, 238 (1983); State v. Jason L., 2000-NMSC-018,*

*¶ 20, 129 N.M. 119, 2 P.3d 856; 3 HON. EDWARD J. DEVITT, HON. CHARLES B. BLACKMAR, & MICHAEL A. WOLFF, FEDERAL JURY PRACTICE AND INSTRUCTIONS §103.06 (4th ed. 1987).*

INSTRUCTION NO.

You are instructed that Captain Gonzales and the arresting officers could rely upon the

accuracy of the information that they learned from ~~the citizen witnesses,~~ police radio dispatchers

and other police officers.  Even if an officer possesses no first-hand knowledge of the factual

basis for an arrest, the police officers may pool their information to establish probable cause.


From Defts' Requested No. 3.  Pltff initially objected to this instruction.  However, at 2/17
conference, parties agreed to the instruction with minor change in stricken language.  Instruction
will be given without this language.

INSTRUCTION NO.

Plaintiffs Camille Chavez, Denis Doyon, and Michael Kisner make excessive force claims under Fourth Amendment.  To succeed on these claims, these Plaintiffs must prove by a preponderance of the evidence that Captain Gonzales and/or Officer Fisher intentionally ~~used excessive force against these Plaintiffs~~ used force against these Plaintiffs that was excessive because it was not reasonably necessary.

Camille Chavez's, Denis Doyon's, and Michael Kisner's excessive force claims are analyzed under the Fourth Amendment's reasonableness standard.  Because the Fourth Amendment's reasonableness standard is not capable of precise definition or mechanical application, you must pay careful attention to the facts and circumstances of this case, including the severity of the crime at issue, whether Camille Chavez, Denis Doyon, or Michael Kisner posed an immediate threat to the safety of the officers, and whether they were actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of the arresting officers' use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment.  The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.  The reasonableness inquiry in an excessive force case is an objective one: the question is whether the arresting officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to his underlying intent or motivation.

Camille Chavez, Denis Doyon, and Michael Kisner must also prove by a preponderance of the evidence that Captain Gonzales' and/or Officer Fisher's use of force was the proximate cause of Camille Chavez's, Denis Doyon's, and Michael Kisner's damages.

From Defts' No. 4.  Both parties presented initial objections to each others' similar instructions. At the 2/17 conference, parties agreed with the Court's modification of language (to omit stricken language above).

INSTRUCTION NO.

Some of the things you may consider in determining whether a Defendant used excessive force, or as to Defendant Gonzales, caused excessive force to be used, are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officers, (5) the severity of the alleged crime at issue, and (6) any efforts made to temper the severity of a forceful response.

You are instructed as a matter of law that a misdemeanor is not a "severe" crime.

From Pltffs' Requested No. 8 (Court overruled Deft's initial objection)

At the 2/17 conference, Deft objected to t his instruction, arguing that these factors lend themselves more to cases involving handcuff claims, and that it is redundant to the *Graham v. Connor* factors.  490 U.S. 386 (1989).  Pltff contends that these factors are a continuation of the *Graham* factors enunciated by the 10th Cir.  Court agrees w/ Pltff, and this instruction will be given – Court finds this instruction to be an accurate and helpful list of factors for the jury to consider in an excessive force claim.

INSTRUCTION NO.

Standing alone, the violation of departmental policy, standard police operating

procedures, or police training during this incident is insufficient to support a finding that

Defendant Fisher used excessive force, or in the case of Defendant Gonzales, that he caused

another officer to use excessive force.

However, you may consider the violation of a department policy, standard police

operating procedures, or police training during this incident only with regard to Plaintiffs'

claim[s] under the First Amendment right to free speech and assembly [and to be free from

retaliatory prosecution], in order to determine whether Defendants acted with impermissible

motive.


From: Pltff's requested No. 9 (1st paragraph), and Defts' requested No. 5 (modified by
Court.  Both parties initially object to the others' instructions.  The Court sustained and
overruled both in part.  At 2/17 conference, Court made changes (in brackets) to which parties
stipulated.

INSTRUCTION NO.

Plaintiffs Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner make a retaliatory prosecution claim under the First Amendment against Defendant Gonzales.  These Plaintiffs have a First Amendment right to freedom of speech and association.  Their right, however, is not absolute as the First Amendment does not immunize them from prosecution under New Mexico's generally applicable and otherwise valid criminal laws.  Nevertheless, Captain Gonzales cannot intentionally suppress constitutionally protected expression because of its content and avoid First Amendment scrutiny simply by claiming that he was acting pursuant to an otherwise valid criminal law.  Thus, an act taken in retaliation for the exercise of a constitutionally protected right is actionable under the First Amendment even if the act, when taken for a different reason, would have been proper.

Balancing the First Amendment rights of an individual with the legitimate need to enforce the violation of state law, each of the plaintiffs Alma Rosa Silva-Banuelos, Denis Doyon and Michael Kisner must prove the following by a preponderance of the evidence:

1.      the criminal charges brought against him or her lacked probable cause;

2.      a  motivating factor for Captain Gonzales' decision to prosecute him or her was a desire to discourage his or her protected speech or expression; and

3.      Captain Gonzales' decision was a proximate cause of Alma Rosa Silva-Banuelos', Denis Doyon's, and/or Michael Kisner's  damages.

To prove that a Plaintiff's speech activities were a substantial or motivating factor in Captain Gonzales' decision, the Plaintiff does not have to prove that those speech activities were the only reason Captain Gonzales made the decision. The Plaintiff need only prove that the speech activities were a substantial consideration that made a difference in or influenced Captain

33

Gonzales' decision.

Originally form (see Doc. 349) was stipulated by parties.  At 2/17 conference, the above instruction was redrafted by stipulation.

INSTRUCTION NO.

For purposes of determining the reasonableness of Captain Gonzales' and Officer

Fisher's  use of force, you must not consider the Plaintiffs' state of mind and intentions. The

Constitution only requires that, from an objective point of view and taking all factors into

consideration, the arresting officers used a reasonable amount of force in response to Plaintiffs'

actions.

**Stipulated by parties w/ following annotions:**

Arrestee's state of mind and intentions irrelevant.  The Court's Proposed Jury Instructions,
[Docket No. 263.2, p. 31] filed in Fogarty v. Gallegos, et al., CIV 05-0026 WPJ/LFG (modified);
Wilson v. Meeks, 52 F.3d 1547, 1553-54 (10th Cir. 1995) (state of mind and intentions of suspect
irrelevant to a Fourth Amendment excessive force inquiry); the Court's Jury Instructions,
Instruction No. 10, filed in Patterson-Montgomery, Maureen v. City of Albuquerque, et al., CIV
01-444 WJ/DJS (modified).

INSTRUCTION NO.

So long as the force actually used by Captain Gonzales and Officer Fisher was objectively reasonable, the Fourth Amendment does not require the officers to use the least or a less forceful alternative to control Plaintiffs' actions.

**Stipulated by parties, with their notes as follows:**

The Fourth Amendment does not require an officer to use the least or a less forceful alternative. Court's Proposed Jury Instructions, [Docket No. 263.2, p. 34] filed in Fogarty v. Gallegos, et al., CIV 05-0026 WPJ/LFG (modified); Blossom v. Yarbrough, 429 F.3d 963, 968 (10th Cir. 2005) (quoting Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001)) ("It is well settled that the 'reasonableness standard does not require that officers use alternative, less intrusive means' when confronted with a threat of serious bodily injury."); Marquez v. City of Albuquerque, 399 F.3d 1216, 1221 (10th Cir. 2005) ("The only issue before the jury was whether [the defendant officer] acted as a 'reasonable officer' when he [used force against a suspect]. In making this determination, the issues of whether [the defendant officer] used the minimum amount of force to apprehend [the suspect] and whether [the defendant officer] violated some 'well established police procedure' are only tangentially related. This is because even if it found [the defendant officer] used more then the minimum amount of force necessary and violated police procedure, the jury could nonetheless find he acted reasonably.") (citation and footnote omitted); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004) (in a police shooting case, the Tenth Circuit stated that "officers are not required to use alternative, less intrusive means if their conduct is objectively reasonable."); Medina v. Cram, 252 F.3d 1124, 1133 (10th Cir. 2001) (quoting Illinois v. Lafayette, 462 U.S. 640, 647-48 (1983)) (the Tenth Circuit stated that "the reasonableness standard does not require that officers use 'alternative "less intrusive" means.'"); Diaz v. Salazar, 924 F.Supp. 1088, 1100 (D.N.M. 1996) (Judge Hansen stated that "I agree with Defendant City that police are not constitutionally required to carry certain weapons, such as mace, nor are they constitutionally required to respond to a suspect's threat of deadly force with non-deadly force or the least intrusive amount of force"); Roy v. Inhabitants of the City of Lewiston, 42 F.3d 691, 695 (1st Cir. 1994) (the First Circuit stated that "in close cases, a jury does not automatically get to second guess these life and death decisions, even though plaintiff has an expert and a plausible claim that the situation could better have been handled differently"); the Court's Jury Instructions, Instruction No. 12, filed in Patterson-Montgomery, Maureen v. City of Albuquerque, et al., CIV 01-444 WJ/DJS (modified).

INSTRUCTION NO.

There were statutes in force in this state, at the time of the occurrence in question, which

provided that:

§ 30-20-1 of the New Mexico Statutes Annotated entitled "disorderly conduct" states the

following:

> A.   engaging in violent, abusive, indecent, profane, boisterous,
>
> unreasonably loud or otherwise disorderly conduct which tends to
>
> disturb the peace; or

* * *

Whoever commits disorderly conduct is guilty of a petty misdemeanor.

§ 66-7-339 of the New Mexico Statutes Annotated entitled "pedestrian on roadways"

states the following:

> A.   Where sidewalks are provided it shall be unlawful for any
>
> pedestrian to walk along and upon an adjacent roadway.


**Stipulated by parties, w/ following annotations:**

Violation of state law.  Court's Proposed Jury Instructions, [Docket No. 263.2, p. 18] filed in
<u>Fogarty v. Gallegos, et al.</u>, CIV 05-0026 WPJ/LFG (modified); UJI Civ. 13-1501, NMRA
(2010)(modified) (violation of statute); NMSA 1978, § 30-20-1 (Repl.Pamp.1994) (disorderly
conduct); NMSA 1978, § 66-7-339 (Repl.Pamp.1994) (pedestrians on roadways).

INSTRUCTION NO.

There was an ordinance in force in the City of Albuquerque, at the time of the occurrence in question, which provided as follows:

§ 7-3-1 of the Revised Ordinances of the City of Albuquerque states the following:

* * *

(A)     No person, group of persons, firm, partnership, association, corporation, company, or organization of any kind shall use the public streets, sidewalks, or public grounds of the city for processions, pedestrian or vehicle, or a combination thereof, in conflict with any of the provisions of the Traffic Code, laws or regulations of the city, or impede, hinder or obstruct normal pedestrian or vehicular traffic in any manner, except upon application in writing containing the following information, to the Chief of Police not less than seven days nor more than 30 days before the date and time of the commencement of the procession and upon receipt of a permit issued by the Chief of Police as hereinafter provided:

**Stipulated by parties w/ following notes:**

Violation of ordinance.  UJI Civ. 13-1502, NMRA (2010) (modified) (violation of ordinance); § 7-3-1 et. seq. ROA 1994 (Ord. 85-1970 superceded by Ord. 35-2005) (The Parade Ordinance) (inapplicable portions omitted).

INSTRUCTION NO.

Plaintiff Alma Rosa Silva-Banuelos makes a claim for malicious prosecution under the Fourth Amendment against Captain Gonzales. To succeed on her malicious prosecution claim, she must prove each of the following by a preponderance of the evidence:

1. After criminal charges were filed against Alma Rosa Silva-Banuelos, Captain Gonzales caused her continued prosecution;

2. Alma Rosa Silva-Banuelos' criminal proceedings terminated in her favor;

3. Captain Gonzales lacked probable cause to support Alma Rosa Silva-Banuelos' original arrest, continued confinement, or prosecution;

4. Captain Gonzales acted with malice; and

5. Captain Gonzales' actions were the proximate cause of Alma Rosa Silva-Banuelos' damages.

Captain Gonzales admits that he facilitated the filing of the criminal proceeding against Alma Rosa Silva-Banuelos. I instruct you that the criminal proceeding terminated in her favor.

As to the fourth element of the malicious prosecution claim, Plaintiff must prove that in initiating the proceeding, Captain Gonzales acted out of spite, or that Captain Gonzales did not himself believe that the proceeding was proper, or that Captain Gonzales initiated the proceeding for a purpose unrelated to bringing Plaintiff to justice.


**Stipulated by parties, w/ following notatation:**

Elements of a Fourth Amendment malicious prosecution claim. Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008) ("[u]nder our cases, a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's *continued* confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted

with malice; and (5) the plaintiff sustained damages.") (italics added); <u>Novitsky v. City of Aurora</u>, 491 F.3d 1244, 1258 (10th Cir. 2007) ("[t]he elements of the common law tort of malicious prosecution, as applicable in a § 1983 claim, are: (1) the defendant caused the plaintiff's *continued* confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) there was no probable cause to support the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages.") (italics added); <u>Pierce v. Gilchrist</u>, 359 F.3d 1279, 1291-97 (10th Cir. 2004) (same); <u>Wilkins v. DeReyes</u>, 528 F.3d 790, 799 (10th Cir. 2008) (quoting <u>Mondragon v. Thompson</u>, 519 F.3d 1078, 1083 (10th Cir. 2008)) ("[u]nlike a false arrest or false imprisonment claim, malicious prosecution concerns detention only '[a]fter the institution of legal process.'"); <u>Wallace v. Kato</u>, 549 U.S. 384, 390 (2007) (italics in the original) ("[A]fter [institution of legal process], unlawful detention forms part of the damages for the . . . tort of malicious prosecution, which remedies detention accompanied not by absence of legal process, but by *wrongful institution* of legal process.) (italics in the original).

INSTRUCTION NO.

(INTENT TO COMMIT ACTS)

A Plaintiff is not required to prove that Defendant intentionally deprived him of his

Constitutional rights. Rather, the Plaintiff only needs to prove that Defendant intentionally

committed acts or omissions, and that such acts or omissions resulted in violations of the

Plaintiff's constitutional rights.

From Pltffs' Requested No. 5, based on:
Fogarty v. Gonzales, No. CV-05-0026 WJ/LFG (Court's Jury Instructions, Docket No. 265)
(modified)

Defts object, noting there is already a stipulated instruction within this set (see Doc. 320,
page 21). However, that instruction pertains specifically to Capt. Gonzales.  Since Pltffs have
asserted constitutional claims against other Defts as well, and given the number of instruction the
jury will have to hear, instruction is not cumulative.  Therefore, this objection is OVERRULED.

Also, the Court REJECTS Pltffs' Requested Nos. 10, 11 and 12, sustaining Defts'
objections to those instructions, because they are repetitive of the above instruction.  Further, the
annotations provided by Pltffs to support language dealing with "reckless" or "wanton" conduct
are unrelated to the claims being presented in this case and so would be misleading to give to a
jury as part of this instruction.

INSTRUCTION NO.

(Indirect Evidence)

The Plaintiff is not required to produce direct proof of retaliatory motive.  Because

retaliatory motive is rarely provable with direct evidence, the Plaintiff may present

circumstantial or indirect evidence of a retaliatory intent.



From Pltffs' requested No. 13, based on:

Collopy v. City of Hobbs, No. 01-2000, 2001 WL 1647314, at *7 (10th Cir., N.M.)
Bloch v. Ribar, 156 F.3d 673, 682 (6th Cir. 1998)

INSTRUCTION NO.

In addition to their claims against Officers Fisher, Hancock, Lopez and Perdue and Sgt. Hill, whom the Plaintiffs claim violated their constitutional rights, the Plaintiffs are suing these Defendants' superior officer, Captain Gonzales. To recover against Captain Gonzales, a Plaintiff must show that he directed or set in motion a series of events that he knew or reasonably should have known would cause his subordinate officers, including but not limited to the Defendant officers listed above, to deprive Plaintiffs of their constitutional rights.

A superior officer can set a series of events in motion if he participates in them directly, or directs them, or exercises control over the events in question by holding a tight rein on his subordinate officers' actions such as by limiting them from taking independent action unless they received specific directions from him, or he has personal knowledge of unconstitutional actions and agrees to their continuation.

A supervisor cannot be held liable for his employees' actions based solely on his supervisory position.  This means that  it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation.  Instead,  the plaintiff must establish a deliberate, intentional act by the supervisor ~~to violate constitutional rights~~ [that resulted in the violation of constitutional rights]. Mere negligence is not enough.  In order to establish a ~~§ 1983~~ claim against a supervisor for the unconstitutional acts of his subordinates, the plaintiff must first show that the supervisor's subordinates violated the constitution. Then, the plaintiff must show that the supervisor actively participated or acquiesced in the constitutional violation.  Acceptable evidence of participation or acquiescence includes  the supervisor's personal participation, his exercise of control or direction, or his failure to supervise.  A supervisor's tacit authorization of the unconstitutional acts will also create liability.

43

From Pltffs' requested No. 14 (and Court's addition last paragraph taken from Defts' objection pleading (Doc. 329).  At 2/17 conference, there was some dispute over the second paragraph, but there was ultimately stipulation upon agreement over another instruction (2nd paragraph of battery instruction). At 2/17 conference, parties agreed to modification of language in last paragraph.

INSTRUCTION NO.

A proximate cause of an injury is that which in a natural and continuous sequence produces the injury, and without which the injury would not have occurred.  It need not be the only cause, nor the last nor nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury.

[An "independent intervening cause" interrupts and turns aside a course of events and produces that which was not foreseeable as a result of an earlier act or omission.]

NM UJI 13-305

Proximate Cause general instruction.  First paragraph is requested by Pltff's requested No. 1. Defendants object and request 2nd paragraph (re: indep. and intervening cause) in addition to first paragraph. Court will defer ruling on objection, possibly until hearing the evidence.

INSTRUCTION NO.

With regard to their federal constitutional claims, Plaintiffs can not establish liability against the individual defendants [merely] by proving that Plaintiffs witnessed the violation of the free speech rights of other protestors, the illegal arrests of other protestors, the use of excessive force against other protestors, or the unlawful prosecution of other protestors.  To succeed on their First and Fourth Amendment claims, Plaintiffs must prove by a preponderance of the evidence that the individual defendant officers violated Plaintiffs' constitutional rights, not the rights of another protestor.

However, in deciding whether a Plaintiff has proved the second element of his or her First Amendment claim, that the Defendants caused him or her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in the protected activity, you may consider evidence that Plaintiffs witnessed the violation of the free speech rights of other protestors, the illegal arrests of other protestors, the use of excessive force against other protestors, or the unlawful prosecution of other protestors.

You may not consider evidence of the lawful execution of police officers' duties or of lawful arrests of other protestors, or the use of reasonable force against other protestors, or the lawful prosecution of other protestors as evidence on the second element of the Plaintiffs' First Amendment claim.


From Defts' Requested No. 2 (*first* paragraph only).  Remainder of instruction is result of parties' stipulated redrafting at 2/17 conference.

INSTRUCTION NO.

**(GENERAL TORT)**

Plaintiffs also allege state tort claims against Defendants. Specifically, Plaintiffs allege that:

1.    Law enforcement officers employed by the City of Albuquerque falsely imprisoned Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner and Denis Doyon;

2.    Officers Fisher, Hancock, and Lopez and Sergeant Hill committed the tort of battery against all Plaintiffs except Alma Rosa Silva-Banuelos;

3.    Law enforcement officers employed by the City committed battery against all the Plaintiffs; and

4.    Captain Gonzales committed the tort of malicious abuse of process against Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner and Denis Doyon.

Stipulated by parties, annotated:

*Fogarty v. Gonzales*, No. CV-05-0026 WJ/LFG (Court's Jury Instructions, Docket No. 265) (modified)

INSTRUCTION NO.

Plaintiffs Alma Rosa Silva-Banuelos, Michael Kisner, and Denis Doyon, make a claim against the City of Albuquerque for false imprisonment under state law.  To prove a state law false imprisonment claim, a Plaintiff must prove by a preponderance of the evidence that the facts available to the arresting officers did not warrant a person of reasonable caution to believe detention was appropriate.  If the arresting officers possessed probable cause to believe that a Plaintiff committed a crime, the City is not liable for false imprisonment as to that Plaintiff.

Stipulated by parties.

INSTRUCTION NO.  __

Plaintiffs each make a claim of a battery claim under state law.  To prevail on a battery

claim against a Defendant,  a Plaintiff must prove by a preponderance of the evidence that a

Defendant intended to cause a harmful or offensive contact with that Plaintiff or an imminent

apprehension of such a contact, and an offensive contact to that Plaintiff directly or indirectly

resulted.


Stipulated by parties.

INSTRUCTION NO.

With regard to Plaintiff's battery claim, under New Mexico law, a police officer in making an arrest may use an objectively reasonable amount of force in order to take a suspect into custody.  A police officer, moreover, is entitled to use such force as was reasonably necessary under all the circumstances of the case.  Officers, within reasonable limits, are the judges of the force necessary to enable them to make arrests or to preserve the peace.  When acting in good faith, the courts will afford them the utmost protection, and they will recognize the fact that emergencies arise when the officer cannot be expected to exercise that cool and deliberate judgment which courts and juries exercise afterwards upon investigations in court.

The fact that the officers might have placed themselves differently, or formulated a plan that would have been more certain of success without the use of force, are matters of retrospect which are thought of by judges and lawyers after the occurrence; but in the ~~day-by-day~~ work of an officer, it can hardly be expected that every arrest or attempted arrest can be effected with theoretical perfection.


From Defts' Requested No. 8 (related to defense to battery).  At 2/17 conference, parties agreed to strike language as indicated above.

INSTRUCTION NO.

(Malicious Abuse of Process – "Active Participation" defined)

In this case, Plaintiffs Alma Rosa Silva-Banuelos, Denis Doyon and Michael Kisner have claimed that Captain Gonzales actively participated in bringing the judicial proceedings against them.  A person actively participates in bringing a judicial proceeding if his conduct is the determining factor in the decision to file criminal charges against a Plaintiff.  Merely providing encouragement, advice or information is not enough.

~~You may find that Captain Gonzales actively participated in bringing the judicial proceedings if you find that he urged or insisted that they be brought knowing them to be false.~~

From Pltffs' requested No. 15 (above instruction with stricken language) and Defts' requested no. 9 (identical to above minus the last paragraph).

Parties' annotations: Pltffs' is based on:UJI Civ. 13-1638 and Committee Commentary; <u>Valles v. Silverman</u>, 2004-NMCA-019, 135 N.M. 91, 84 P.3d 1056, ¶¶ 16-17.  Defts' is based on: Malicious abuse of process; "active participation" defined.  UJI Civ. 13-1638, NMRA (2010) (modified) (malicious abuse of process; "active participation" defined).

NOTE TO COUNSEL:
        Defts object to language in Pltffs' instruction, and the Court agrees with the objection, SUSTAINING IT, and striking challenged language.  It is an incorrect statement of the law, since one can urge or insist on the bringing of judicial proceedings and still not be the "determining factor. . . ."

        Pltffs do not object to Defts' very similar instruction, requested No. 9 (similar except for the language which the Court has struck from Pltffs' instruction.  Defts' requested no. 9 reads:

        In this case, Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner have
        claimed that Captain Gonzales actively participated in bringing the judicial
        proceeding against Alma Rosa Silva-Banuelos, Denis Doyon, and Michael
        Kisner.  A person actively participates in bringing a judicial proceeding if his
        conduct is the determining factor in the decision to file criminal charges against
        Plaintiff.  Merely providing encouragement, advice, or information is not enough.

51

INSTRUCTION NO.

To establish a claim of malicious abuse of process, Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner each have the burden of proving each of the following contentions:

(1)     In a judicial proceeding, Captain Gonzales actively participated in misusing the legal process;

(2)     Captain Gonzales' primary motive in the misuse of the legal process was to accomplish an illegitimate end; and

(3)     The conduct of Captain Gonzales caused damages to that Plaintiff.

**Stipulated by parties, annotated:**

Malicious abuse of process defined.  UJI Civ. 13-1636, NMRA (2010) (modified) (malicious abuse of process defined; general statement of elements).

INSTRUCTION NO.

A "judicial proceeding" can be a criminal prosecution.  The criminal prosecutions against

Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner at issue in this case were "judicial

proceedings."

**Stipulated by parties, w/ following annotations:**

Malicious abuse of process; "judicial proceeding" defined.  UJI Civ. 13-1637, NMRA (2010)
(modified) (malicious abuse of process; "judicial proceeding" defined).

INSTRUCTION NO.

A misuse of the legal process occurs when a defendant actively participates in beginning a judicial proceeding without probable cause.

Probable cause is a reasonable belief, founded on known facts established after a reasonable pre-filing investigation, that the claims made could be established to the satisfaction of a court or a jury.

It is your role to resolve the disputes of fact between the parties.  In this case, Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner contend that Captain Gonzales' active participation in the criminal charges against them was taken in retaliation for the opinions which they expressed on March 20, 2003 and their opposition against the U.S. war against Iraq. Captain Gonzales denies what Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner say, and Captain Gonzales says the criminal charges brought against Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner are supported by probable cause.

If you find that Alma Rosa Silva-Banuelos, Denis Doyon, and Michael Kisner have each proven his or her version of the facts, then the judicial proceeding was brought without probable cause.

**Stipulated by parties, annotations:**

Misuse of process; lack of probable cause.  UJI Civ. 13-1639, NMRA (2010) (modified) (misuse of process; lack of probable cause).

INSTRUCTION NO.

If the judicial proceeding was brought without probable cause, you must consider whether Captain Gonzales' primary motive or purpose in actively participating in bringing the criminal charges against Alma Rosa Silva-Banuelos, Denis Doyon, and/or Michael Kisner without probable cause was to accomplish an illegitimate end.  Acting with ill-will or spite toward a Plaintiff is not enough to meet this requirement. Captain Gonzales must have actively participated in bringing the criminal charges against Alma Rosa Silva-Banuelos, Denis Doyon, and/or Michael Kisner primarily to accomplish a purpose for which the judicial proceeding was not designed.

**Stipulated by parties, annotated:**

Malicious abuse of process; illegitimate motive.  UJI Civ. 13-1640, NMRA (2010) (modified) (malicious abuse of process; illegitimate motive).

INSTRUCTION NO.

You must consider only the evidence in this case.  However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider.  One is direct evidence-- such as testimony of an eyewitness.  The other is indirect or circumstantial evidence--the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Consideration of the Evidence - Fifth Circuit Pattern Instructions - ¶ 2.18*

Stipulated

INSTRUCTION NO.

A fact may be proved by circumstantial evidence.  Circumstantial evidence consists of

proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact

sought to be proved.

From Defts' Requested No. 10, based on:

UJI Civ. 13-308, NMRA (2010)(unmodified).  Circumstantial evidence. (Pltffs does not object to
this instruction, but this was not a "stipulated" instruction).

INSTRUCTION NO.

Certain charts or summaries have been received into evidence to illustrate facts brought out in the testimony of some witnesses.  Such charts or summaries are used for convenience. They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

*Demonstrative Exhibits* (General)

Stipulated

INSTRUCTION NO.

You have heard testimony by way of deposition.  Deposition testimony is testimony that was taken under oath before trial and has been preserved in writing.  This testimony is entitled to the same consideration that you give any other testimony at this trial.

*Deposition Testimony*

*NM UJI  13-203  (can substitute "by video" for "in writing" where necessary)*

Stipulated

INSTRUCTION NO.

Interrogatories are written questions asked by one party to another before trial and answered under oath.  The questions and answers may be read at trial as evidence.  The answers read to you are testimony under oath and are entitled to the same consideration that you give any other testimony.

*Interrogatories Instruction*

*NM UJI 13-204*

Stipulated

INSTRUCTION NO.

I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.  You alone are the judges of the credibility of the witnesses and of the weight to be given to the testimony of each of them.  In determining the credit to be given to the testimony of any witness, you may take into account the witness' ability and opportunity to observe, the witness' memory, the witness' manner while testifying, any interest, bias or prejudice that the witness may have and the reasonableness of the testimony, considered in light of all the evidence in the case.

*Credibility of Witnesses*

*NM UJI 13-2003*

Stipulated

INSTRUCTION NO.

A witness may be discredited or impeached by contradictory evidence or inconsistent conduct, or by evidence that at other times the witness has made statements which are inconsistent with the present testimony of the witness.

If you believe that any witness has been impeached or discredited, it is up to you to give the testimony of that witness only such credit as you think he or she deserves.

*Impeachment of Witness*

*NM UJI 13-2004 (modified)*

Stipulated

62

INSTRUCTION NO.

The testimony of a public official is entitled to no special or exclusive sanctity. An official who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does. In the case of police department officers you should not believe them merely because they are police department officers. You should recall their demeanor on the stand, their manner of testifying and the substance of their testimony. You should weigh and balance their testimony just as carefully as you would the testimony of any other witness. People employed by the government, including police department officers do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight on that basis alone.

Based on Pltff's Requested No. 2.  Defts initially objected (and Court overruled the objection), and Defts raised the objection again at 2/17 conference, arguing that it is not even-handed, and puts officers' testimony under more scrutiny.  Deft also suggested following instruction from Judge Black's stock set to replace the one above, specifically:

> Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony. In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony. You may, in short, accept or reject the testimony of any witness in whole or in part. Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Court overrules Defts' objection, as Court does not find instruction cumulative and finds it helpful the circumstances of this case.

INSTRUCTION NO.

The Rules of Evidence do not ordinarily permit a witness to testify as to an opinion or conclusion.  An expert witness is an exception to this rule.  A witness who, by knowledge, skill, experience, training or education, has become expert in any subject may be permitted to state an opinion as to that subject.   You should consider each expert opinion and the reasons stated for the opinion, giving them such weight as you think they deserve.  You may reject an opinion entirely if you conclude that it is unsound.

You may consider testimony regarding violations of standard police operating procedures, or police training during this incident only with regard to Plaintiffs' claim under the First Amendment right to free speech and assembly and to be free from retaliatory prosecution, in order to determine whether Defendants acted with impermissible motive.

*Expert Testimony / Opinion*

*NM UJI 13-213*

1st paragraph stipulated by partied. Court added second paragraph (reiterated from earlier instruction concerning violations of SOP's).  At 2/17 conference, parties agreed to the omission of Mr. Reiter's name, in light of the possibility that "expert witness" was sufficient.

INSTRUCTION NO.

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

*Liability Must be Determined Before Damages*

*NM UJI 13-1801*

Stipulated

INSTRUCTION NO.

If you find that Plaintiff is entitled to a verdict in accordance with these instructions, but do not find that the Plaintiff has sustained substantial actual damages, then you may return a verdict for the Plaintiff in some nominal sum such as one dollar.

If you find in favor of the Plaintiff, but you find that the Plaintiff's damages have no monetary value, then you must return a verdict for the Plaintiff in the nominal amount of one dollar ($1.00).

The award of a nominal sum on account of actual damages would not prevent you from awarding punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these circumstances.

*Nominal Damages*

*Long v. Shillinger, 927 F.2d 525 (10th Cir. 1991); NM UJI 13-1832*

Stipulated

INSTRUCTION NO.

If you find that the defendant is liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the Plaintiff whole--that is, to compensate the Plaintiff for the damage that the Plaintiff has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered or that the Plaintiff is reasonably likely to suffer in the future.

You must use sound discretion in fixing an award of damages. Your verdict must be based upon proof and not upon speculation, guess or conjecture.  Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

*Compensatory Damages, General*

*NM UJI 13-1802 (modified) and Fifth Circuit Pattern Instructions § 15.2*

Stipulated

INSTRUCTION NO.

You must not award compensatory damages more than once for the same injury.  For example, if Plaintiffs prevail on all claims and establish a dollar amount for the injuries, you must not award Plaintiffs any additional compensatory damages on each claim.  Plaintiffs are only entitled to be made whole once, and may not recover more than what was lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate Plaintiffs fully for all injuries.

With respect to punitive damages, you may make separate awards on each claim that Plaintiffs have proven.

From Defts' Requested No. 11, based on:     The Court's Stock Civil Instructions, Double Recovery Instruction (unmodified); Fifth Cir. Pattern Civil Jury Instr. 15.14 (modified); see Hale v. Basin Motor Co., 110 N.M. 314 (1990) (conduct would be improper under the rule against duplication or double recovery).

Pltffs object to this instruction, stating that the instruction fails to adequately instruct the jury that damages resulting from each Deft must be specified.  Pltffs' objection is OVERRULED because this is a correct statement of the law, from the Court's stock set.  If Pltffs feel that it lacks additional language, Pltffs may file a supplement instruction.  However, Pltffs are required to meet and confer with Defts first to see if a joint instruction is possible.

INSTRUCTION NO.

If you have found that Plaintiff is entitled to damages arising in the future, you must

determine the amount of such damages you believe would fairly compensate Plaintiff for such

future damages.

If these damages are of a continuing nature, you may consider how long they will

continue.

*Future Damages Instruction*

*NM UJI 13-1821 [bracketed] and Fifth Circuit Pattern Instructions § 15.3 (modified)*

Stipulated

INSTRUCTION NO.

You may consider punitive damages only if you find that Plaintiff should recover compensatory or nominal damages.  You may award punitive damages if the Plaintiff has proved that the defendant[s] acted with malice or willfulness, or with reckless indifference to the safety or rights of others. Malicious conduct is the intentional doing of an act with knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences.

Punitive damages are awarded for the limited purpose of punishment and to deter others from the commission of like offenses. The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party.  The amount awarded, if any, must be reasonable and not disproportionate to the circumstances.

*Punitive Damages Instruction*

*NM UJI 13-1827 (modified) and Fifth Circuit Pattern Instructions (§ 15.13) (modified)*

Stipulated

70

INSTRUCTION NO.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong.  However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges--judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

*Duty to Deliberate*

*Fifth Circuit Pattern Instructions, § 2.11*

Stipulated

INSTRUCTION NO.

Faithful performance by you of your duties is vital to the administration of justice.

*Faithful Performance*

*NM UJI 13-2001*

Stipulated

INSTRUCTION NO.

The jury acts as a body.  Therefore, on every question which you must answer, it is necessary that all of you participate regardless of the vote on another question.  Before a question can be answered, all of you must agree upon the answer.

*Jury Acts as a Body*

*NM UJI 13-2006*

Stipulated

73

INSTRUCTION NO.

Upon retiring to the jury room, you will select one of your number to act as foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A special verdict form has been prepared for you.  You will be given the Court's instructions and a special verdict form.   In this case it will be necessary for you to answer the ~~preliminary~~ questions presented to you on the verdict form. You will begin deliberating only when I have instructed you to do so. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

After you have reached your unanimous verdict as to any question, your Foreperson is to fill in on the form your answer to the question. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me.  You must never disclose to anyone, not even to me, your numerical division on any question.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the marshal.  Never attempt to communicate with me except by a written note signed by your foreperson. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.  If I reply to you in writing, please leave ***both*** the message and the reply in the jury room.  They should not be thrown away, even at the conclusion of your deliberations.

Bear in mind always you are not to reveal to me or to any person how you stand, numerically or otherwise, until you have reached a unanimous verdict.

*Foreperson Instruction*

74

*NM UJI 13-2009; and Fifth Circuit Pattern Instructions*

<u>*Bledsoe v. Garcia*</u>*, 742 F.2d 1237, 1244 (10th Cir. 1984)  (unanimous jury verdict have been used in fed courts for over 200 years)*

Stipulated (Court added language regarding special verdict form in 2nd paragraph).

DATED _____ _____, 2009

_____

UNITED STATES DISTRICT JUDGE

Requested by Pltff & Unopposed

75